# GIBSON DUNN

November 13, 2025

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

<u>VIA ECF</u>

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl St, Room 1920
New York, NY 10007

Re:   *Marsh & McLennan Companies Inc., et al. v. Howden US Services, LLC, et. al.*,
No. 25-cv-9130
Pre-Motion Letter Regarding Plaintiffs' Application for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery

Dear Judge Rochon:

We represent Plaintiffs Marsh & McLennan Companies, Inc., Marsh USA LLC, Mercer (US) LLC, and Marsh & McLennan Agency LLC ("Marsh McLennan"). This case arises from an extraordinary inside job: Howden, a London-based broker lacking any U.S. retail operation, joined forces with senior Marsh McLennan employees to raid the company's employees, clients, and confidential business information.

On July 21, 2025, nearly one hundred Marsh McLennan employees resigned in a single coordinated wave, taking with them proprietary client data and relationships to staff Howden's newly formed U.S. entities overnight. The raid was planned from within—executed by Marsh McLennan's own leaders while still on the company payroll and bound by restrictive covenants, including non-solicitation and confidentiality agreements. Within hours, Howden had a fully staffed operation servicing Marsh McLennan's former clients using its confidential information and trade secrets.

Judge George B. Daniels of this District has already found that four senior Marsh McLennan executives—Michael Parrish, Giselle Lugones, Robert Lynn, and Julie Layton—engaged in a deliberate and "coordinated" raid on Marsh McLennan's business, holding that Marsh McLennan "is likely to succeed on certain of its claims for breach of . . . non-solicitation and non-disclosure covenants." *Marsh USA LLC v. Parrish*, 2025 WL 2676389, at *2–3 (S.D.N.Y. Sept. 18, 2025). His injunction bound those ringleaders but did not reach the architects who financed the scheme (Howden) or the second-tier managers who carried it out. Marsh McLennan immediately sought emergency relief against Howden in the Delaware Court of Chancery, where Defendants urged that court to defer to New York, and the court agreed. During that delay, Defendants intensified the very harm Judge Daniels had already identified. Marsh McLennan then

**Gibson, Dunn & Crutcher LLP**
200 Park Avenue  |  New York, NY 10166-0193  |  T: 212.351.4000  |  F: 212.351.4035  |  gibsondunn.com

Hon. Jennifer L. Rochon  
United States District Court

November 13, 2025  
Page 2 of 2

dismissed the Delaware case and filed here—naming Howden and, based on newly discovered evidence, the additional lieutenants shown to have executed and sustained the same unlawful plan. Marsh McLennan marked this case as related to *Parrish*, but Judge Daniels declined the relation, and it was reassigned to Your Honor as a separate action.

Meanwhile, the four senior Marsh McLennan executives Judge Daniels enjoined have continued to violate both their contracts and his order, retaining more than 440 Marsh McLennan documents they swore under penalty of perjury they no longer possessed. The Individual Defendants also refused to comply with subpoenas in *Parrish* seeking information about their roles in the raid. Marsh McLennan has moved before Judge Daniels for an order of civil contempt to enforce the injunction and compel full compliance, but contempt alone cannot halt the "irreparable harm" he already found—harm to Marsh McLennan's client relationships and confidential information. *Parrish*, 2025 WL 2676389, at *3.

Marsh McLennan now seeks temporary and preliminary injunctive relief to stop the ongoing harm, prevent further poaching of its employees and clients, and secure the return of its confidential information. The application will ask the Court to enjoin (1) the Individual Defendants from soliciting Marsh McLennan employees, soliciting or servicing its clients, or using its Confidential Information; and (2) Howden and those acting with it from inducing or benefiting from such violations, and to require the immediate return of all Marsh McLennan materials.

Defendants have refused to consent to any interim relief or agree to a briefing schedule until they review Marsh McLennan's motion papers. Marsh McLennan proposes that Defendants file any opposition by November 25, with Marsh McLennan's reply by December 3, and a hearing at the Court's earliest convenience. We have shared this proposal with Defendants, who are considering it. Marsh McLennan respectfully requests that the Court act on the application and issue a decision by the earliest possible date to permit timely relief and prevent further irreparable harm. This dispute has been pending for months while Defendants urged delay in Delaware and continued their misconduct. Each week of inaction deepens the injury—more employees are solicited, more clients lost, and more confidential information misused.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Harris M. Mufson*  
HARRIS M. MUFSON