UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH & MCLENNAN COMPANIES INC., MARSH USA LLC, MERCER (US) LLC, and MARSH & MCLENNAN AGENCY LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>HOWDEN US SERVICES, LLC, HOWDEN SPECIALTY, LLC, ALFRED GRONOVIUS, ANDREA AMODEO, CARLOS SERIO, GIOVANNI PEREZ, JANETTE WILCOX, NATHAN COLLINS, and RICHARD LENNERTH<br><br>*Defendants*. | Civil Action No. 1:25-cv-9130-JLR |

### [PROPOSED] ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY

Upon the First Amended Complaint of Plaintiffs Marsh & McLennan Companies, Inc., Marsh USA LLC, Mercer (US) LLC, and Marsh & McLennan Agency LLC ("Marsh McLennan," collectively) filed in *Marsh & McLennan Companies Inc., et al. v. Howden US Services, LLC, et al.*, No. 1:25-cv-9130, the accompanying Memorandum of Law, and the declarations submitted in support, and good and sufficient reason appearing to me therefor, it is hereby:

**ORDERED** that Defendants Howden US Services, LLC and Howden US Specialty, LLC ("Howden," collectively) and Alfred Gronovius, Andrea Amodeo, Carlos Serio, Giovanni Perez, Janette Wilcox, Nathan Collins, and Richard Lennerth (the "Individual Defendants," collectively), show cause before a motion term of this Court, at Courtroom 20B, United States Courthouse, 500

Pearl Street, in the City, County and State of New York, on _____, _____, at ____ o'clock in the _____ thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining:

 (1) the Individual Defendants from (a) soliciting or inducing any Marsh McLennan employee to leave Marsh McLennan; (b) soliciting, servicing, or accepting business from any Marsh McLennan client or prospect with whom the defendant had contact, dealings, responsibility, or about which the defendant received Confidential Information within the past two (2) years of his/her employment; and (c) using, disclosing, retaining, destroying, or otherwise misappropriating any Marsh McLennan Confidential Information, and requiring the immediate return of all such materials with a sworn certification, and

 (2) Howden, Howden's directors, officers, members, agents, employees, attorneys, and representatives, and persons in active concert or participation with Howden from (a) violating or aiding, assisting, inducing, or participating in the violation of, any terms of Marsh McLennan current or former employees' contractual or legal obligations; (b) accepting, engaging in, servicing or performing any business services for any current or former clients of Marsh McLennan that were solicited or procured, directly or indirectly, by any departing Marsh McLennan employees subject to non-solicitation restrictions or through Howden's receipt of Marsh McLennan's Confidential Information; (c) soliciting clients and employees from Marsh McLennan, directly or indirectly, through Marsh McLennan current or former employees subject to non-solicitation restrictions, duties of loyalty, and/or fiduciary duties; and (d) using, disclosing, retaining, destroying, or otherwise misappropriating any Marsh McLennan

Confidential Information, and requiring immediate return of all Marsh McLennan property with a sworn certification; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P.:

(3) the Individual Defendants are temporarily enjoined and restrained from (a) soliciting or inducing any Marsh McLennan employee to leave Marsh McLennan; (b) soliciting, servicing, or accepting business from any Marsh McLennan client or prospect with whom the defendant had contact, dealings, responsibility, or about which the defendant received Confidential Information within the past two (2) years of his/her employment; and (c) using, disclosing, retaining, destroying, or otherwise misappropriating any Marsh McLennan Confidential Information, and requiring the immediate return of all such materials with a sworn certification, and

(4) Howden, Howden's directors, officers, members, agents, employees, attorneys, representatives, and persons in active concert or participation with Howden are temporarily enjoined and restrained from (a) violating or aiding, assisting, inducing, or participating in the violation of, any terms of Marsh McLennan current or former employees' contractual or legal obligations; (b) accepting, engaging in, servicing or performing any business services for any current or former clients of Marsh McLennan that were solicited or procured, directly or indirectly, by any departing Marsh McLennan employees subject to non-solicitation restrictions or through Howden's receipt of Marsh McLennan's Confidential Information; (c) soliciting clients and employees from Marsh McLennan, directly or indirectly, through Marsh McLennan current or former employees subject to non-solicitation restrictions, duties of loyalty,

and/or fiduciary duties; and (d) using, disclosing, retaining, destroying, or otherwise misappropriating any Marsh McLennan Confidential Information, and requiring immediate return of all Marsh McLennan property with a sworn certification; and it is further

**ORDERED** that expedited discovery, including no more than ten (10) document requests and five (5) interrogatories per party, party depositions, and forensic inspection of the Individual Defendants' devices and accounts, in preparation for the hearing of Plaintiffs' application for a preliminary injunction is granted; and it is further

**ORDERED** that Plaintiffs shall effect delivery of a copy of this order and supporting papers by email to counsel for the Individual Defendants and Howden on or before \_\_\_\_\_o'clock in the \_\_\_\_\_ on _____, _____, which shall be deemed good and sufficient service thereof.

DATED: _____, 2025

_____
Hon. Jennifer L. Rochon U.S.D.J.

To:  All Counsel (via ECF)