**GIBSON DUNN**

November 13, 2025

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

<u>VIA EFC</u>

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl St, Room 1920
New York, NY 10007-1312

> Request GRANTED. The Court finds that the limited redactions are warranted under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).
>
> Dated: November 14, 2025
> New York, New York
>
> **SO ORDERED.**
>
> *[signature]*
> **JENNIFER L. ROCHON**
> **United States District Judge**

Re:   *Marsh & McLennan Companies Inc., et al., v. Howden US Services, LLC et al.*, Case No. 25-cv-9130-JLR
      Letter-Motion to Redact and/or Seal Exhibits in Support of Application for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery

Dear Judge Rochon:

We represent Plaintiffs Marsh & McLennan Companies Inc., Marsh USA LLC, Mercer (US) LLC, and Marsh & McLennan Agency LLC ("Marsh McLennan," collectively) in the above-referenced action. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, Section 4.B, Marsh McLennan seeks leave to redact discrete portions of exhibits in support of Marsh McLennan's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery. Marsh McLennan met and conferred with Defendants on November 12, 2025, and Defendants consented to Marsh McLennan redacting personal email addresses and cell phone numbers of individual non-parties and confidential compensation information.

The exhibits Marsh McLennan seeks to seal and/or redact contain personal email addresses and cell phone numbers of individual non-parties. *See* Mufson Decl. Exs. 66–74, 79–82. Marsh McLennan respectfully submits that these individuals' privacy interests weigh heavily against the presumption of public access in a court's balancing equation. Courts regularly allow the narrow redaction of identifying and contact information, such as names and personal email addresses and phone numbers, of non-parties, as this information enjoys only a weak presumption of public access. *See, e.g.*, *Eckhart v. Fox News Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) ("[T]he personal email addresses and phone numbers of various non-parties are entitled to continued sealing," and "courts routinely permit such redactions to protect the privacy of non-parties.").

Marsh has also redacted proprietary or trade secret information consistent with Your Honor's Individual Rules of Practice in Civil Cases, Section 4.B.i, including (a) confidential compensation information, Mufson Decl. Exs. 1, 5, 7, 11, 12, 14, 18, 21, 25–26, 30, 33–34, 39–40, 69; and (b) client and/or strategic partner identifying information, Mufson Decl. Exs. 66–68, 73–74.

**GIBSON DUNN**

November 13, 2025
Page 2

    The redactions submitted are narrowly tailored to protect the privacy interest of the non-parties and are limited to only information that is sensitive, proprietary, and/or requires caution. These redactions do not obfuscate or otherwise misrepresent the content of the exhibits, nor do they go so far as to anonymize the identities of the non-parties. Rather, they conceal only specific information which will not directly affect the adjudication of Marsh McLennan's motion.

    Accordingly, Marsh McLennan respectfully requests that the Court grant this letter-motion.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP


  */s/ Harris M. Mufson*
HARRIS M. MUFSON