

JEREMY E. DEUTSCH
Partner
(212) 415-9238
deutsch.jeremy@dorsey.com

November 18, 2025

Hon. Jennifer L. Rochon, USDJ
United States District Court
For the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:    **_Marsh & McLennan Cos. Inc., et al. v. Gronovius, et al., No. 25-cv-9130_**

Dear Judge Rochon:

    We represent defendants Amodeo, Lennerth, Perez, Serio, Collins, and Wilcox in the above-referenced matter. We write to provide the Court with some context in advance of the upcoming conference on November 19, 2025. Counsel for Mr. Gronovius joins in our letter and our request.

    Defendants will be moving to dismiss the First Amended Complaint for numerous pleading deficiencies including, but not limited to, a failure to adequately allege the Defend Trade Secrets Act violations and a predominance of the state law causes of action over the lone federal claim. This motion is potentially dispositive of this matter because it is the sole basis upon which the First Amended Complaint asserts subject matter jurisdiction. This presents a fundamental issue of the Court's power to hear or resolve Marsh's motions.

    Curiously, while Marsh has moved for wide ranging and strongly coercive injunctive relief and extraordinarily intrusive expedited discovery, Marsh fails to premise any of its motions on the Defend Trade Secrets Act claims, likely because it knows that it cannot demonstrate a likelihood of success on the merits on the one claim that confers subject matter jurisdiction on the Court. Certainly, with respect to one defendant, it fails even to bring a claim against that person for a violation of that statute. Thus, subject matter jurisdiction for at least one defendant is lacking *ab initio*.

    Defendants therefore propose to brief their motion to dismiss on an expedited schedule, with our moving brief filed no later than December 12 (which is more than a month earlier than the January 15, 2026 date by which a responsive pleading otherwise is due). We request that Marsh's motion for emergency relief be held in abeyance pending the Court's decision on Defendants' motion. Given that Marsh has waited until November to seek emergency relief against former employees who resigned in July, this sequencing would not prejudice Marsh. This lack of prejudice is thrown into sharp relief by a close reading of the First Amended Complaint and the Marsh motion papers, as Marsh fails to link the conduct of any of the above-referenced Defendants to any specific instance of alleged ongoing irreparable harm suffered by



November 18, 2025
Page 2

Marsh.  We will, of course, be prepared to address any issues that the Court may wish to discuss.

      Respectfully submitted,

      DORSEY & WHITNEY LLP

      Jeremy E. Deutsch
      Partner

JED:jm

CC:  All Counsel by ECF