Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com



**Richard J. Rabin**
+1 212.872.1086
rrabin@akingump.com

November 21, 2025

VIA ELECTRONIC COURT FILING

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:    *Marsh & McLennan Cos., Inc. v. Gronovius*, No. 25-cv-9130

Dear Judge Rochon:

In accordance with this Court's Order following the November 19, 2025 conference (ECF No. 78), and on behalf of all Defendants,[1] we write to articulate our position as to why the Court should decline Plaintiffs' application for expedited discovery in connection with their motion for a preliminary injunction.

## ARGUMENT

Under the Federal Rules of Civil Procedure, discovery generally does not commence until after a Rule 26(f) conference has occurred. *Hurlock v. Kelsier Ventures*, 2025 WL 1993571, at *1 (S.D.N.Y. July 17, 2025) (Rochon, J.). A party seeking emergency relief may seek discovery on an expedited basis, but such discovery is "not the norm." *Grecia v. Brass Lion Ent., Inc.*, 2025 WL 784912, at *1 (S.D.N.Y. Mar. 12, 2025) (quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200 (Bankr. S.D.N.Y. 2018)).

The Second Circuit has not set forth a specific standard for granting expedited discovery, but courts in this circuit, including this Court, apply a "good cause" or "reasonableness" standard. *See Hurlock*, 2025 WL 1993571, at *1. "This test requires a district court to examine the request [for expedited discovery] 'on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Id.* (quoting *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014)) (emphasis in original).

---

[1] This firm represents defendants Howden US Services, LLC and Howden US Specialty, LLC (collectively, "Howden"); Carlton Fields P.A. represents defendant Alfred Gronovius; and Dorsey & Whitney LLP represents the other six individual defendants (collectively with Gronovius, the "Individual Defendants," and collectively with Howden and Gronovius, "Defendants").

### A. Plaintiffs' Request for Expedited Discovery Should Be Denied

Plaintiffs' request for expedited discovery is unreasonable for several reasons, including but not limited to (1) Plaintiffs' undue delay in seeking this discovery; (2) the fact that this is Plaintiffs' second bite at the apple in seeking such discovery from Howden, after failing to obtain it in the Delaware Chancery Court (or from the four individual defendants in the Second-Filed Action[2]); (3) the unfair prejudice Defendants will suffer if expedited discovery is granted; and (4) the lack of need for expedited discovery, particularly discovery as expansive in scope as requested by Plaintiffs.

#### 1. Plaintiffs' Request Is Unduly Delayed

Plaintiffs' request for expedited discovery is unreasonable in light of their nearly four-month delay in making it. *See Maldonado v. Pataki*, 2005 WL 8159756, at *1 (E.D.N.Y. Dec. 7, 2005) (denying expedited discovery where "the events that give rise to their claim occurred over four months ago"); *cf. Hurlock*, 2025 WL 1993571, at *1 (denying expedited discovery where plaintiff did not move for such discovery for "more than a month after he moved for a TRO/PI"). As the Court noted at the November 19 conference, Marsh bypassed the opportunity to seek expedited discovery in the First-Filed Action, which involves the same essential facts, and which was brought by Howden US Services, LLC and two former Marsh employees on July 27, 2025, in the New York State Supreme Court. *See* Hr. Tr. 5:25-7:7 (Nov. 19, 2025) ("And why, if there was such urgency in this case, didn't you simply file counterclaims and add additional parties to the state court action and get the relief that you are seeking here there?"). Earlier this month, the Delaware Chancery Court made this same observation when it declined to entertain Marsh's motion for expedited discovery in that action. *See* ECF No. 72-2, at 4 ("Marsh complains of urgency . . . , yet I do not see Marsh has sought relief from the New York court since my August 19 ruling."); *cf. Maldonado*, 2005 WL 8159756, at *1 (denying expedited discovery where "need for expedited discovery has arisen at least in part because of [plaintiffs'] own delay in bringing this action").

Plaintiffs' delay is even more glaring with respect to the seven Individual Defendants. Despite the departures of these individuals from Marsh USA LLC ("Marsh USA") on or before July 23, 2025, Plaintiffs waited more than three months before asserting any claims against them in any forum. Further, the basis for these claims is an apparent forensic review conducted with respect to laptops, mobile phones, and other devices that have been in Plaintiffs' hands since July.

#### 2. Plaintiffs Seek an Unfair "Second Bite at the Apple"

Plaintiffs' request for expedited discovery also is unreasonable in that it seeks a "do-over" after Plaintiffs already have litigated these same issues before the Delaware Chancery Court. Plaintiffs' motion for emergency relief, including a temporary restraining order, expedited discovery, and a preliminary injunction, was fully briefed before the Delaware Court, and Plaintiffs presented 10 affidavits and multiple exhibits in support of their application.

---

[2] Capitalized terms that are used but not otherwise defined herein have the meanings ascribed to them in the Letter from Howden to Judge Jennifer L. Rochon, dated November 18, 2025 (ECF No. 72).

2

Following a review of the parties' respective submissions, the Delaware Court declined to entertain this relief. Judge Daniels, in the Second-Filed Action, also did not order expedited discovery as sought by Marsh USA in that case.

This Court should decline to give Plaintiffs another "bite" at the expedited-discovery apple. *Cf. Vortexa Inc. v. Cacioppo*, 2024 WL 2979313, at *16 (S.D.N.Y. June 12, 2024) (Rochon, J.) (declining expedited discovery where it would provide plaintiff with "a second bite at the preliminary-injunction apple" as the Court had "already considered a robust body of arguments and evidence submitted in connection with the motion, including multiple supporting affidavits . . . .").

### 3. Plaintiffs' Request Is Unfairly Prejudicial to Defendants

Expedited discovery also would unfairly prejudice Defendants in this matter. *See Hurlock*, 2025 WL 1993571, at *1 (denying expedited discovery where it would unfairly prejudice defendants). This is particularly true given the compressed timeline for the forthcoming briefing.

Defendants have two substantial sets of briefing due three weeks from today—(i) Defendants' oppositions to Plaintiffs' motion for a preliminary injunction, and (ii) Defendants' motions to dismiss the amended complaint (ECF No. 78, at 2)—with the Thanksgiving holiday occurring in the intervening period.

This Court has denied expedited discovery under similar circumstances, where discovery was sought "during an expedited timeframe in which Defendants must simultaneously continue to draft their TRO/PI papers" and prepare for a hearing. *See Hurlock*, 2025 WL 1993571, at *1; *see also Citigroup Inc. v. AT&T Inc.*, 2016 WL 8794472, at *2 (S.D.N.Y. July 1, 2016) (denying request where expedited discovery "would cause injury to defendants by increasing the litigation burden" in a case already on a "fast timeline"); *Hubbuch v. J&M Realty Servs.*, 2025 WL 3227790, at *2 (S.D.N.Y. Nov. 19, 2025) (denying request where "it would prejudice defendants to have to respond to Plaintiff's discovery requests while Defendants are preparing their response to Plaintiff's Amended Complaint").[3]

These time pressures are most acute for counsel for the Individual Defendants (Dorsey & Whitney LLP and Carlton Fields P.A.), who are simultaneously facing pressing deadlines in the Second-Filed Action before Judge Daniels. The defendants in that action must file oppositions to Marsh USA's pending motion for contempt by December 1, 2025, and they must answer Marsh USA's 208-paragraph complaint by December 8, 2025, all within the same three-week

---

[3] Expedited discovery is particularly improper where, as here, it is "unreasonably expansive in scope." *See Hurlock*, 2025 WL 1993571, at *1. As the Court noted at the November 19 conference, Plaintiffs' request for 10 document requests per party, five interrogatories per party, party depositions, and forensic examination of the Individual Defendants' devices is "not limited discovery" and instead is "pretty extensive." Hr. Tr. 37:13-18. In an email dated November 20, Plaintiffs revised their proposal to suggest six requests for production per side, five interrogatories per party, and three depositions per side, none of which is feasible under the agreed and ordered schedule.

briefing period in this action. The same Dorsey & Whitney and Carlton Fields attorneys represent both sets of defendants.

Moreover, the agreed briefing schedule would effectively preclude Defendants from being able to engage in or utilize the discovery process in support of their oppositions. Even if the Court were to rule on the request for expedited discovery on the day after it is fully submitted (November 25), that would leave 10 business days until Defendants' oppositions to the preliminary-injunction motion were due, during which time all of the following would need to occur: Defendants would need to propound discovery; Plaintiffs would need to respond to such discovery requests; the parties would need to meet and confer about any deficiencies; the Court would need to resolve any disputes; Plaintiffs would need to produce responsive materials; Defendants would need to review those materials; if depositions were allowed, they would need to be scheduled and taken; the transcripts of the depositions would need to be received and reviewed; and Defendants would need to effectively marshal the evidence adduced for their respective oppositions.

By contrast, Plaintiffs would have the benefit of a much more relaxed timeframe (nearly seven weeks) in which they may propound requests, engage in the meet and confer process, analyze any discovery produced, and utilize that information in support of their preliminary-injunction motion. The discovery could thus create a moving target for Defendants, raising new allegations to which Defendants lacked an opportunity to respond. *See Citigroup*, 2016 WL 8794472, at * 1) (denying expedited discovery as it could effectively "transform[] . . . the existing motions"). "Permitting Plaintiff[s] to pursue relatively extensive and one-sided expedited discovery against Defendants at this juncture would therefore unfairly prejudice Defendants and is unreasonable." *See Hurlock*, 2025 WL 1993571, at *1.

### 4. Plaintiffs Fail to Show Need for the Requested Discovery

Plaintiffs also have failed to show a *bona fide* need for the discovery they seek. They dedicate less than a page of their moving brief to addressing the request for expedited discovery, and they do little more than cite the relevant standard for such discovery. *See* ECF No. 60, at 33-34. But Plaintiffs have had four months to assess any alleged violations of law or damage from claims asserted in their amended complaint, including having had the opportunity to forensically examine at least 14 different laptops and mobile phones utilized by the seven Individual Defendants. *See* ECF No. 57 (Declaration of Maureen Schnabolk ¶¶ 27, 31-38). To the extent Plaintiffs allege a loss of clients or employees to Howden, they presumably can identify such clients or employees without the aid of discovery.

At the November 19 hearing, Plaintiffs asserted that they already have "made a sufficient threshold showing that entitles [them] to a preliminary injunction" without discovery. Hr. Tr. 35:23-24. That should be the end of the story on their request for expedited discovery. Yet Plaintiffs continue to seek such discovery, asserting that such discovery is a "normal course" and Plaintiffs "can't know what [they] don't know." Hr. Tr. 35:24-36:3. Expedited discovery is not warranted under these circumstances.

The decision in *Citigroup* is illustrative. *See* 2016 WL 8794472. There, Citigroup sought expedited discovery in support of its claims that AT&T was unlawfully infringing on



certain trademarks and unfairly competing with Citigroup. In seeking such discovery, Citigroup made a similar plea to that of Plaintiffs here, arguing that while it had presented sufficient evidence to warrant a preliminary injunction, "[t]he full scope of Defendants' ongoing wrongful conduct" has "not been uncovered at this time." *Id.* at *1. The Court denied Citigroup's request:

> The fact that plaintiff has moved for a preliminary injunction indicates, as plaintiff confirmed at the recent hearing, that it believes that the information it has attached to its motion is adequate to prevail. Expedited discovery could thus only result in additional information . . . of which plaintiff is already aware and has moved to preliminarily enjoin, which would amount to a supplement to plaintiff's opening papers, or in information about additional aspects . . . which are not yet public and are not encompassed within plaintiff's preliminary injunction motion, which would amount to a transformation of the existing motions.

*Id.* at *1-2. The Court should similarly deny the request for expedited discovery here.[4]

### B. Any Discovery Should Proceed in Normal Course

For the foregoing reasons, the Court should deny expedited discovery and should address discovery issues in the normal course outlined in Rule 26. Doing so would provide the parties with a level playing field, with each party having the opportunity to consider and pursue the discovery it seeks and review and utilize the materials it adduces.

If any expedited discovery is to be permitted, it should be extraordinarily narrow, should not unduly divert Defendants' counsel's attention during this extremely busy time period, should not include depositions, and should be fashioned in a way that allows Defendants to fairly utilize discovered materials in opposing Plaintiffs' motion for a preliminary injunction.

Respectfully Submitted,

*/s/ Richard J. Rabin*
Richard J. Rabin

---

[4] Indeed, this case stands in contradistinction to those in which courts in this district have found true urgency and good cause for expedited discovery. *See, e.g.*, *Lashify, Inc. v. Shandongchuangmeiweishengyongpin Youxiangongsi*, 2024 WL 5168137, at *6 (S.D.N.Y. Dec. 16, 2024) (Rochon, J.) (allowing expedited discovery to protect against the defendant's potential "dispos[al] of its ill-gotten proceeds from its sales of Infringing Products"; requiring the defendant to provide its "true name and physical address"; "the name and location and URL of any and all websites that Defendant owns and/or operates"; and "the account details for any and all of Defendant's Financial Accounts"); *Spin Master Ltd. v. www.spinmastershop.com*, 2024 WL 5105502, at *3 (S.D.N.Y. Dec. 9, 2024) (granting *ex parte* application for expedited discovery after finding defendant likely to "destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendant's Infringing Website").