**GIBSON DUNN**

November 24, 2025

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

VIA ECF

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl St
New York, NY 10007-1312

Re:   *Marsh & McLennan Companies Inc. et al. v. Howden US Services, LLC, et al.*,
      Case No. 25-cv-9130-JLR

Dear Judge Rochon:

Defendants initiated this dispute through a calculated and coordinated raid on Marsh McLennan's business—conspiring with insiders to breach their contractual and fiduciary obligations, misappropriate confidential and trade secret information, and weaponize that stolen information to create a competing enterprise virtually overnight. Since being caught, Howden has pursued a single objective: to delay accountability and buy time to continue reaping the benefits of its raid. Howden and some of the insiders raced to the courthouse with a preemptive declaratory-judgment action in New York Supreme Court to brand themselves the "first-filed" party, fought discovery in Delaware when Marsh McLennan sued Howden there, and now ask this Court to halt discovery altogether while it continues to profit from stolen information.

Confronted with this raid and ongoing theft, Marsh McLennan moved swiftly and lawfully to protect its business. It filed *Marsh USA LLC v. Parrish* in this District against the ringleaders of the raid, and Judge Daniels found what the evidence made plain: a deliberate and coordinated conspiracy to misappropriate Marsh McLennan's confidential information and to induce Marsh McLennan employees to violate their contractual obligations. The injunction Judge Daniels entered against the ringleaders remains in effect, but the same misconduct continues through these Defendants. Marsh then pursued the Howden entities in Delaware, the parties' shared state of incorporation. When that court later stayed the case in deference to ongoing proceedings in New York, Marsh McLennan filed this action to bring all responsible parties before a single forum capable of resolving the dispute efficiently and comprehensively. Marsh even designated this action as related to the *Parrish* proceeding—the dispute between the parties that is farthest along—and respectfully suggested each case could be heard before the same Court.

Defendants now claim that Marsh McLennan should have counterclaimed in their state-court action, as if their preemptive filing entitled them to dictate where the injured party may sue. That is not the law. A wrongdoer cannot seize control of litigation by beating its victim to the courthouse steps by mere hours. Marsh McLennan has every right to pursue its federal and state-law claims—including its Defend Trade Secrets Act claim—in federal court, before the forum the

Hon. Jennifer L. Rochon  November 24, 2025
Southern District of New York  Page 2

Individual Defendants—Alfred Gronovius, Andrea Amodeo, Carlos Serio, Giovanni Perez, Janette Wilcox, Nathan Collins, and Richard Lennerth— themselves agreed to in their contracts. And the wisdom of that decision is evident: in federal court—specifically, in *Marsh USA LLC v. Parrish*—similar underlying misconduct has already produced a fully briefed preliminary-injunction proceeding and a ruling within weeks. The Court there has already denied the defendants' motion to dismiss. And the parties have already completed their Rule 26(f) conference and have commenced discovery. By contrast, Defendants' chosen state-court case has sat dormant for months without a single substantive order, despite Marsh filing multiple substantive motions and letter motions in the four months since the suit was initiated and both parties seeking pre-motion conferences several months ago.

Now, having exhausted every procedural maneuver to delay the inevitable, Defendants deploy one more tactic: asking this Court to deny even limited, symmetrical expedited discovery. They accuse Marsh McLennan of delay while they are the ones blocking discovery at every turn. They warn of "prejudice" while continuing to misuse Marsh McLennan's confidential information and client relationships. And they cry "second bite" when no court has ever examined their own conduct.

Marsh McLennan seeks what fairness and precedent demand: targeted expedited discovery—limited document requests, interrogatories, and depositions—so the record can be more fully developed before the February 12 preliminary-injunction hearing. Courts in this District grant such discovery routinely, especially where, as here, a plaintiff faces ongoing misappropriation and solicitation. Expedited discovery is not gamesmanship; it is the necessary next step to expose and stop Defendants' continuing violations.

**1. Expedited discovery is the norm in this District.** Courts in this District routinely authorize limited expedited discovery when, as here, a plaintiff seeks preliminary injunctive relief and faces ongoing harm. *See, e.g.*, *Russell Reynolds Assocs., Inc. v. Usina*, 2023 WL 3270344, at *1 (S.D.N.Y. May 5, 2023); *Helio Logistics, Inc. v. Mehta*, 2023 WL 1517687, at *5 (S.D.N.Y. Feb. 3, 2023); *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014). Marsh McLennan's motion for a preliminary injunction includes evidence of Defendants' ongoing solicitation of Marsh McLennan clients, *see, e.g.*, Dkt. No. 55-16 (Ex. 66) (Gronovius soliciting Marsh McLennan client in Oct. 2025); Dkt. No. 59 (Decl. B. Martino ¶ 8) (Serio soliciting Marsh McLennan client from July through Oct. 2025), and just last week several employees left Marsh McLennan for Howden. Defendants' invocation of the "norm" that discovery follows a Rule 26(f) conference adds nothing—Rule 26(d)(1) expressly allows discovery for good cause before that point, and courts apply that authority routinely in injunction proceedings like this one.

Defendants rely on a handful of cases denying expedited discovery—but every one involved *pro se* plaintiffs, *see Hubbuch v. J&M Realty Servs.*, 2025 WL 3227790, at *2 (S.D.N.Y. Nov. 19, 2025) (*pro se* plaintiff sought expedited discovery but not TRO); *Grecia v. Brass Lion Ent., Inc.*, 2025 WL 784912, at *1 (S.D.N.Y. Mar. 12, 2025) (*pro se* plaintiff sought expedited discovery after magistrate judge recommended plaintiff's TRO and PI motions be denied), motions made only after the injunction was already decided or after the parties had agreed to stay discovery, *see*

*Vortexa Inc. v. Cacioppo*, 2024 WL 2979313, at *6 & n.4, *16 (S.D.N.Y. June 12, 2024); *Hurlock v. Kelsier Ventures*, 2025 WL 1993571, at *1 (S.D.N.Y. July 17, 2025), or cases where discovery would not yield new evidence or the plaintiff's arguments had been foreclosed by intervening Supreme Court authority, *see Citigroup Inc. v. AT&T Inc.*, 2016 WL 8794472, at *2 (S.D.N.Y. July 1, 2016); *Maldonado v. Pataki*, 2005 WL 8159756, at *1 (E.D.N.Y. Dec. 7, 2005). None involved an ongoing raid, active misuse of trade secrets, or contractual breaches continuing in real time. Those cases prove nothing except how unremarkable Marsh McLennan's request is in comparison.

**2. Targeted discovery will equip the Court to resolve the preliminary injunction motion.** To rule on the pending preliminary injunction motion, the Court must assess Marsh McLennan's likelihood of success and the threat of irreparable harm. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015). The limited discovery Marsh McLennan seeks will directly inform both and expand the record Marsh McLennan has developed from its analysis of its own systems and testimony of its remaining employees who were solicited to join Howden.

Expedited discovery frequently exposes ongoing misuse of confidential materials or breaches of duty that warrant immediate relief. In *Rokt Corp. v. AdsPostX, Inc.*, 2025 WL 2711190 (S.D.N.Y. Sept. 23, 2025), targeted discovery revealed that defendant insiders accessed and shared their former employer's proprietary information—evidence that led the court to grant a preliminary injunction. *Id.* at *5, *11. The same dynamic is present here.

Discovery in *Marsh USA LLC v. Parrish*—arising from the same coordinated raid—already uncovered hundreds of confidential Marsh documents retained by former employees now working for Howden, despite their sworn representations to the contrary and Judge Daniels' order requiring them to previously return that information to Marsh. That discovery led Marsh to move for contempt. There is every reason to believe discovery in this case will reveal similar misconduct among these Defendants, evidence essential to proving continuing harm and a likelihood of success. Without that discovery, the record will be incomplete and limited to the evidence from Marsh McLennan's employees and systems. The Court's analysis would necessarily be constrained absent considering the evidence in the Defendants' possession.

**3. Defendants' objections fail on every front.** Defendants' opposition follows a predictable playbook: complain about timing, invoke "prejudice," cry "second bite," and insist there is "no bona fide need." None of these arguments withstand scrutiny.

**Timing.** Defendants claim Marsh McLennan waited too long to seek relief, but the record shows the opposite. Marsh McLennan has been pursuing Howden and its affiliates for months. Within days of the July raid, it filed *Marsh USA LLC v. Parrish* in this District against the ringleaders and obtained an injunction within weeks. It simultaneously pursued the Howden entities in Delaware—the parties' shared state of incorporation—only to have that case stayed at Howden's urging. Since then, Marsh McLennan's continuing investigation and discovery in *Parrish* have uncovered new evidence identifying these additional Defendants as participants in the same unlawful scheme—evidence that was not available when the earlier cases were filed. Having been

Hon. Jennifer L. Rochon  
Southern District of New York

November 24, 2025  
Page 4

blocked in Delaware and armed with newly discovered proof of these Defendants' involvement, Marsh McLennan filed this action to bring these wrongdoers before the proper forum. This case was not delayed; it is the next step in a sustained, months-long effort to hold Howden and its accomplices accountable in the face of Howden's consistent efforts to delay that accountability.

**No "Second Bite."** Defendants' claim that Marsh McLennan is seeking a "second bite at the apple" distorts the record. *Parrish* involved a different group of individuals—the Florida Zone leaders—who orchestrated the first phase of the raid. This case targets the additional insiders—the lieutenants of the Florida Zone Leaders—as well as the corporate entities behind them. No court has ever examined these Defendants' conduct. Marsh McLennan is not relitigating old claims; it is enforcing its rights against those who have persisted in violating them. The law does not immunize new wrongdoers simply because their colleagues were caught first.

Defendants' reliance on *Vortexa Inc. v. Cacioppo*, 2024 WL 2979313, at *16 (S.D.N.Y. June 12, 2024) confirms the point. There, the court denied expedited discovery only after the injunction motion had already been decided. Here, however, Marsh McLennan is seeking discovery before any ruling has been made. There is no "second bite" here—only Defendants' attempt to prevent this Court from taking the first.

**Scope and Prejudice.** The discovery Marsh McLennan seeks is limited, reciprocal, and typical of injunction proceedings in this District. After the parties' initial conference, Marsh McLennan proposed that the parties agree to limited discovery focused on the claims underlying its motion for a preliminary injunction: six document requests, five interrogatories, and three depositions per side. Courts routinely authorize broader and faster discovery in comparable cases. *See, e.g.*, *Russell Reynolds*, 2023 WL 3270344 (responses within three days; depositions within five days); *Helio Logistics, Inc. v. Mehta*, 2023 WL 1517687 (S.D.N.Y. Feb. 3, 2023) (ten document requests and three depositions completed in 29 days); *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194 (W.D.N.Y. 2020) (production and depositions within 30 days); *Rokt*, 2025 WL 2711190 (responses within 14 days). Defendants' cries of "prejudice" ring hollow: the only burden this discovery imposes is the obligation to produce evidence of their own misconduct. The real prejudice would be to Marsh McLennan if Defendants succeed in hiding that evidence until after the February 12 hearing.

**No "Bona Fide Need."** Defendants' argument that Marsh McLennan has "no bona fide need" for discovery ignores both the record and common sense. Marsh McLennan already has concrete evidence—from *Parrish* and its ongoing investigation—that Howden insiders unlawfully solicited Marsh employees and clients and retained and used confidential Marsh information after their departure. What remains unknown is the full scope of that misconduct. That is precisely the purpose of discovery. Defendants' position—that Marsh McLennan should be denied discovery because it already has some proof of wrongdoing—turns logic on its head. Partial evidence is not the same as a full record. Marsh McLennan seeks to complete that.

*   *   *

Hon. Jennifer L. Rochon  November 24, 2025
Southern District of New York  Page 5

Defendants orchestrated a coordinated raid, concealed their misconduct through delay, and now seek to block discovery that would expose it. Limited, symmetrical discovery focusing on the claims in Marsh's preliminary injunction motion will allow this Court to determine the facts and prevent further harm before the February 12 hearing.

Marsh McLennan respectfully requests that the Court grant its motion for expedited discovery and permit the following limited exchange:

1. **Document Requests**: Each side is permitted to serve up to 6 document requests concerning the claims and evidence in Plaintiffs' preliminary injunction motion. Documents must be produced within 10 days of service. Marsh anticipates that its document requests will seek personal emails and text messages that evidence the solicitation of Marsh's employees and clients as well as the unlawful taking and misappropriation of Marsh's confidential information.

2. **Interrogatories**: Each party to answer up to 5 interrogatories concerning the claims and evidence at issue in Plaintiffs' preliminary injunction motion. Responses must be served within 10 days of service. Marsh anticipates that it will serve interrogatories asking Defendants to identify the Marsh employees Defendants recruited to Howden, Marsh clients they solicited, the time period of that solicitation, and any Marsh confidential information they retain and use.

3. **Depositions**: Each side may take up to 3 party depositions.

This measured discovery plan is fair, efficient, and necessary to ensure that the Court decides the forthcoming preliminary-injunction motion on a full and accurate record.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

 */s/ Harris M. Mufson*
HARRIS M. MUFSON
Partner

HMM