# GIBSON DUNN

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

February 19, 2026

VIA ECF

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:     *Marsh & McLennan Companies Inc., et al. v. Howden US Services, LLC, et al.*,
        No. 25-cv-9130-JLR
        Marsh McLennan's Revised Proposed Order

Dear Judge Rochon:

Marsh McLennan respectfully writes regarding Howden's proposed order (ECF 175-1), in which most other Defendants join (ECF 173, at 1 n.1).  Marsh disagrees with the arguments advanced in Defendants' recent submissions, but those issues have been fully briefed and argued.  *See, e.g.*, ECF 136 at 2 (evidence of post-July misconduct); *id.* at 9–10 (definition of solicit).  This letter does not revisit the merits.  Instead, it addresses fundamental defects in Howden's proposed order, which would materially narrow the relief supported by the record and, in several respects, rewrite the parties' contractual obligations.

Howden's proposed order attempts to unduly restrict the scope of relief to which Marsh McLennan is entitled.  Among other things, it: (1) excludes Howden from meaningful restrictions on tortious conduct and employee- and client- non-solicitation restrictions and effectively limits relief to a single Plaintiff entity; (2) purports to override the restrictive covenants at issue; and (3) defines "personal clients" and "confidential information" in ways that depart from the governing agreements and precedent.

First, Howden's proposed order imposes no meaningful injunctive relief on Howden. With the exception that all Defendants "conduct a good-faith search for any Marsh Confidential Information" and return it, the operative prohibitions apply only to the "Individual Defendants, directly or indirectly through others (including others at Howden working at the direction of Individual Defendants)."  ECF 175-1 at 3–4.  The order contains no parallel restriction directed at and binding on Howden.  By limiting the prohibitions to conduct undertaken by or at the direction of the Individual Defendants only, the proposed order would leave unaddressed unlawful and tortious conduct initiated and directed by Howden, including providing the more than 150 former Marsh McLennan employees now at Howden with a literal playbook to violate their non-solicitation obligations.  *See, e.g.*, ECF 56-69.

# GIBSON DUNN

Hon. Jennifer L. Rochon                                                February 19, 2026
United States District Court                                               Page **2** of **2**

Second, the proposed order would override the parties' negotiated restrictive covenants by expressly "supersed[ing] any contract term, clause, or agreement on the same or similar subject matter." ECF 175-1 at 5. There is no basis to displace contractual provisions that courts in this District have recognized as reasonable and enforceable. *See* ECF 136 at 7. For example, the proposed order would limit non-solicitation obligations to clients with whom an Individual Defendant worked during the final year of employment (ECF 175-1 at 3), notwithstanding the contract's express two-year lookback period (*see, e.g.*, ECF 56-15 at 2). The proposed order would also effectively confine relief to Marsh USA LLC, even though the agreements extend to parents, subsidiaries, and affiliates (*see, e.g.*, ECF 56-15 at 1) and the record reflects harm to multiple Plaintiff entities, *see, e.g.*, ECF 57 ¶ 30 (describing Marsh McLennan client losses, which include Marsh USA LLC, Mercer, and Marsh & McLennan Agency). Where, as here, the contracts at issue are reasonable, "[i]t is fundamental that courts enforce contracts and do not rewrite them." *Schmidt v. Magnetic Head Corp.*, 468 N.Y.S.2d 649, 654 (2d Dep't. 1983).

Third, Howden's proposed definitions of "personal clients" and "confidential information" depart from the governing contracts and applicable precedent and would improperly narrow Marsh McLennan's rights. Defendants' proposed definition of "personal clients" introduces categorical exclusions not found in the agreements and unsupported by the evidentiary record. *See* ECF 136 at 8–9. Defendants bear the burden of demonstrating that a client falls within any such exception. *See* ECF 172-1 at 5 (citing *Marsh USA Inc. v. Karasaki*, 2008 WL 4778239, at *17 (S.D.N.Y. Oct. 31, 2008)).

The proposed definition of "Confidential Information" (ECF 175-1 at 2) likewise adds limitations not contained in the operative contracts, including by recharacterizing certain undefined "insurance-related information" as "belong[ing] to current or former clients" rather than Marsh. The agreements do not draw that distinction, and the record provides no basis to do so here.

For these reasons, Marsh McLennan respectfully requests that the Court decline to enter Howden's proposed order and instead enter Marsh's revised proposed order (ECF 172-1).

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Harris M. Mufson*
HARRIS M. MUFSON