UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH & MCLENNAN COMPANIES
INC.; MARSH USA LLC; MERCER (US)
LLC; and MARSH & MCLENNAN
AGENCY LLC,

                    Plaintiffs,

                -against-

HOWDEN US SERVICES, LLC; HOWDEN
US SPECIALTY, LLC; ALFRED
GRONOVIUS; ANDREA AMODEO;
CARLOS SERIO; GIOVANNI PEREZ;
JANETTE WILCOX; NATHAN COLLINS;
and RICHARD LENNERTH,

                    Defendants.

Case No. 1:25-cv-09130 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

WHEREAS Plaintiffs Marsh USA LLC, Marsh & McLennan Companies Inc., and Marsh and McLennan Agency LLC (collectively "Marsh") submitted an Application for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery on November 13, 2025, Dkt. 52 ("Application"), supported by a Memorandum of Law, Dkt. 60, and supporting declarations and exhibits, Dkts. 55-59, 61-63;

WHEREAS Marsh's Application seeks a preliminary injunction requiring Defendants Alfred Gronovius, Andrea Amodeo, Carlos Serio, Giovanni Perez, Janette Wilcox, Nathan Collins, and Richard Lennerth (collectively the "Individual Defendants"), and Howden US Services, LLC and Howden US Specialty, LLC (collectively "Howden" and, together with the Individual Defendants, "Defendants"), to adhere to Marsh's contracts and their common law obligations pending the completion of this Action, so as to avoid further irreparable harm to Marsh's business;

WHEREAS Defendants submitted Memoranda of Law and supporting declarations and exhibits in opposition to Marsh's Application on December 12, 2025, Dkts. 113-121, 125-126; Marsh submitted a Memorandum of Law and Reply declarations and exhibits in support of its Application on January 9, 2026, Dkts. 136-142; and Marsh submitted supplemental evidence in support of its Application on February 9, 2026, Dkts. 162-168, to which Defendant Howden responded, Dkt. 170;

WHEREAS the Court held a multi-day hearing regarding Marsh's Application on February 12 and 13, 2026;

WHEREAS, based on the arguments and evidence submitted by the parties, the Court finds that Marsh has established a likelihood of success on its claims for breach of contract against the Individual Defendants and tortious interference with contract claim against Howden;

WHEREAS, based on the arguments and evidence submitted by the parties, the Court finds that Marsh has established irreparable harm and a balance of hardships in its favor, as well as shown that an injunction will not disserve the public interest;

WHEREAS, in light of the foregoing and for good and sufficient reasons therefore, pursuant to Fed. R. Civ. P. 65, it is hereby:

**ORDERED** that the following preliminary injunctive relief shall be in effect until the earlier of trial in this case or further order of this Court:

**DEFINITIONS**

**ORDERED** that the following definitions of "Marsh Confidential Information" and "Personal Clients" will apply solely for purposes of this Order, without altering the scope of any contracts at issue or conceding any arguments on scope, enforceability, or liability:

    a.  "**Marsh Confidential Information**" shall be defined as the information included in the "Confidential Information and Trade Secrets" definition set forth in

2

Schedule 1 of the Marsh USA Inc. Confidentiality Agreement ("CA") entered into by each Individual Defendant.

b. "**Personal Clients**" for any particular Individual Defendant or former Marsh employee now employed by Howden shall be defined as clients of the employee who came to the firm solely to avail themselves of the employee's services and only as a result of the employee's own recruitment efforts, which Marsh neither subsidized nor otherwise financially supported as part of a program of client development. *See BDO Seidman v. Hirshberg*, 712 N.E.2d 1220, 1225 (1999).

## HOWDEN

**ORDERED** that Howden, Howden's directors, officers, members, agents, employees, and representatives, and persons in active concert or participation with Howden are prohibited from:

a. interfering with or aiding, assisting, inducing, or participating in the violation of any terms of Marsh's current or former employees' contractual obligations to Marsh with respect to employee or client solicitation or disclosure of confidential information;

b. soliciting or servicing clients or prospective clients from Marsh, directly or indirectly, through Marsh's current or former employees subject to non-solicitation restrictions that restrict those individuals' ability to solicit those clients — provided that this prohibition shall not apply to Personal Clients or clients that have moved their business to Howden prior to this Order.

c. soliciting employees from Marsh, directly or indirectly, through Marsh's current or former employees subject to non-solicitation restrictions that restrict those individuals' ability to solicit those employees; and

3

d.  using, disclosing, retaining, destroying, or otherwise misappropriating any Marsh Confidential Information.

Howden must certify that it has conducted a good-faith search for and returned all Marsh Confidential Information with a sworn certification within twenty-one (21) calendar days of this Order.  Any Marsh Confidential Information that was not identified in the original good faith search and that is subsequently located in the course of this lawsuit or otherwise must be removed from any device or files in possession of Howden and returned to Marsh within 72 hours of the identification thereof.  Counsel for Howden may retain a copy of any returned material solely for purposes of defense of this litigation.

**INDIVIDUAL DEFENDANTS**

**ORDERED** that **Defendants Gronovius, Amodeo, Serio, Wilcox, and Collins** be prohibited, for one (1) year from the date of their resignation from Marsh, from doing the following with respect to any employee of Marsh or its affiliates with whom they came into contact for the purpose of soliciting or servicing business or about whom they obtained Confidential Information during the last two (2) years of their employment with Marsh:

a.  Directly, or through others, soliciting, or endeavoring to cause, such employee to leave employment with Marsh or its affiliates.

**ORDERED** that **Defendants Gronovius, Serio, and Perez** are prohibited, for one (1) year from the date of their resignation from Marsh, from engaging in any of the following conduct with any Marsh clients or prospective clients with whom they had contact or about whom they obtained Confidential Information during the last two (2) years of their employment with Marsh, except for Personal Clients and clients that have moved their business to Howden prior to this Order:

a. Directly, or through others, soliciting such clients or prospective clients for the purpose of selling or providing services or products of the type sold or provided by them while they were employed by Marsh;

b. Directly, or through others, inducing such clients or prospective clients to terminate, cancel, not renew, or not place business with Marsh or its affiliates;

c. Directly, or through others, performing services or providing products of the type sold or provided by them while they were employed by Marsh to any such clients or prospective clients;

d. Supervising others in performing services or providing products of the type sold or provided by them while they were employed by Marsh to any such clients or prospective clients;

e. Assisting others to do the acts in (a)-(d).

**ORDERED** that all **Individual Defendants** are prohibited from directly or indirectly using, disseminating, or disclosing to any third party (including any other person, organization, or entity, including but not limited to Howden and its employees and agents) Marsh Confidential Information.  Individual Defendants must return all Marsh Confidential Information, within twenty-one (21) calendar days of this Order.

Each Individual Defendant must certify that it has conducted a good-faith search for and returned all Marsh Confidential Information with a sworn certification within twenty-one (21) calendar days of this Order.  Any Marsh Confidential Information that was not identified in the original good faith search and that is subsequently located in the course of this lawsuit or otherwise must be removed from any device or files in possession of Defendant(s) and returned to Marsh within 72 hours of the identification thereof.  Counsel for each Defendant may retain a copy of any returned material solely for purposes of defense of this litigation.

It is further **ORDERED** that pursuant to Federal Rule of Civil Procedure 65(c), Marsh shall post a bond in the amount of $300,000 to provide security in the event that Defendants have been wrongfully restrained.

It is further **ORDERED** that this award of preliminary relief in this Preliminary Injunction is provisional in nature and is not conclusive as to the claims, defenses, counterclaims, or relief sought in this case, all of which will be decided following additional proceedings and adjudication on the merits of this matter.

Dated: February 24, 2026
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge