**GIBSON, DUNN & CRUTCHER LLP**
*Attorneys for Marsh USA LLC, Marsh & McLennan Companies Inc., Mercer (US) LLC &Marsh & McLennan Agency LLC*

**CARLTON FIELDS, P.A.**
*Attorneys for Michael Parrish, Giselle Lugones, Robert Lynn & Alfred Gronovius*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
*Attorneys for Howden US Services, LLC & Howden US Specialty, LLC*

**DORSEY & WHITNEY LLP**
*Attorneys for Julie Layton, Andrea Amodeo, Carlos Serio, Giovanni Perez, Janette Wilcox, Nathan Collins, Richard Lennerth, & Baxter Southern*

April 17, 2026

VIA ELECTRONIC COURT FILING

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Marsh USA LLC v. Parrish, et al.*, No. 25-cv-6208-GBD-GS  (S.D.N.Y.) ("*Parrish* Action") / *Marsh USA LLC, et al. v. Gronovius, et al.*, No. 1:25-cv-9130-JLR (S.D.N.Y.) ("*Gronovius* Action") – Letter Motion for Consolidation for Purposes of Discovery

Dear Judge Daniels and Judge Rochon:

This letter is submitted on behalf of the parties to the above-referenced actions, specifically the following groups:

- Marsh USA LLC, Marsh & McLennan Companies Inc., Mercer (US) LLC, and Marsh & McLennan Agency (the "*Gronovius* Plaintiffs" or "Marsh," with Marsh USA, LLC also being the "*Parrish* Plaintiff");

- Michael Parrish, Giselle Lugones, Julie Layton, and Robert Lynn ("*Parrish* Defendants"); and

- Howden US Services, LLC and Howden US Specialty, LLC (together, "Howden"); and Alfred Gronovius, Andrea Amodeo, Carlos Serio, Giovanni Perez, Janette Wilcox, Nathan Collins, and Richard Lennerth (with Howden, "*Gronovius* Defendants").

The parties respectfully write to request consolidation of the *Parrish* and *Gronovius* Actions solely for purposes of discovery pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and,

The Honorable George B. Daniels
The Honorable Jennifer L. Rochon
April 17, 2026
Page 2

relatedly, to request a single, consolidated discovery schedule.  A proposed stipulation to consolidate the Actions and adjust the schedules accordingly is enclosed as Exhibit A.

### *Consolidation for discovery purposes is warranted under Rule 42.*

Rule 42 provides for consolidation where actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2), (3) (permitting Court to consolidate actions or "issue any other orders to avoid unnecessary cost or delay").  "Whether to consolidate is ultimately left to the sound discretion of the court . . . ."  *Calliste v. City of New York*, 2024 WL 4981513, at *2 (S.D.N.Y. 2024) (internal citations omitted) (consolidating cases solely for discovery purposes). "Consolidation is warranted where it promotes judicial economy and serves to eliminate the waste associated with duplicative discovery," among other things.  *Stevens v. Hanke*, 2022 WL 489054, at *2 (S.D.N.Y. 2022).  In deciding whether to consolidate, courts consider whether "consolidation will promote judicial economy and avoid the potential for duplicative discovery and litigation." *Id.* at *3.  "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate."  *Id.* at *2 (quoting *Crowe v. JPMorgan Chase & Co.*, 2009 WL 3852381, at *3 (S.D.N.Y. Nov. 18, 2009)).  These considerations support consolidation of the *Parrish* and *Gronovius* Actions for purposes of discovery.[1]

*First*, the *Parrish* and *Gronovius* Actions concern common questions of law and fact.  The claims in both actions arise out of Howden's launch of its U.S. retail business in July 2025, and the move of certain employees and clients from Marsh entities to Howden.  Marsh originally sued the four *Parrish* Defendants, alleging violation of certain alleged restrictive covenants and duties to Marsh.  In *Gronovius*, Marsh later sued a second group of employees whom it alleges worked with the *Parrish* Defendants, alleging the same violation of certain restrictive covenants and duties to Marsh, and other claims (including under the Defend Trade Secrets Act).  Marsh subsequently amended the complaint in the *Gronovius* Action to name Howden as a defendant based on the role Marsh alleges Howden played in the alleged conduct of all of the individual defendants.  The *Parrish* Defendants are mentioned by name in the complaint in the *Gronovius* Action, and at a recent preliminary injunction hearing in the *Gronovius* Action, the evidence included documents concerning alleged actions of the *Parrish* Defendants.

*Second*, consolidation of the *Parrish* and *Gronovius* Actions for discovery purposes serves the interests of judicial economy and reduces the risk of conflicting rulings on discovery matters. Discovery between the two cases is already overlapping and intermixed in a number of respects.

---

[1] The parties note that, on November 7, 2025, Judge Daniels declined to accept the *Gronovius* Action as related to the *Parrish* Action.  Nevertheless, the parties respectfully submit that the two actions meet the standard for consolidation for discovery purposes under Rule 42.

The Honorable George B. Daniels
The Honorable Jennifer L. Rochon
April 17, 2026
Page 3

The parties in each action have served discovery that seeks the same and/or similar documents related to the same core facts. The protective orders entered in both the *Parrish* and *Gronovius* Actions already permit the use of documents produced in each action in the other action. *See* Stipulation and Protective Order, *Parrish* Action [ECF No. 179]; Stipulation and Protective Order, *Gronovius* Action [ECF No. 156]. While certain discovery matters have been resolved in the *Parrish* Action, no discovery disputes have yet been presented to the Court in the *Gronovius* Action. Third-party discovery also already overlaps across the two cases. As such, the parties respectfully suggest that consolidation of the cases for discovery purposes will help ensure that disputes will burden one court, not two, and be resolved in a manner that is consistent for all parties and across cases. This will also reduce the risk that parties and non-parties will be subject to inconsistent directives in respect of discovery.

*Third*, consolidation for discovery purposes would produce cost efficiencies and would minimize burden on witnesses, by avoiding duplicative discovery and depositions. This is particularly true here, given the overlapping document requests that have already been served on parties and non-parties to date, and that witness will overlap between the two actions.[2]

The parties are in agreement that consolidation for discovery purposes will not alter the injunctions entered in *Parrish* (ECF 129) or *Gronovius* (ECF 180), and that both injunctions will remain in full force and effect, in accordance with their terms, absent further order of the Courts.

### *The parties request a single, adjusted discovery schedule for* **Parrish** *and* **Gronovius.**

The parties further request entry of a discovery schedule that provides consistent deadlines for discovery in both actions, and additional time to complete discovery in both actions. Discovery in the *Parrish* Action is presently set to close on May 1, 2026. All parties in the *Parrish* Action agree that they need more time to complete this discovery based on outstanding issues. Fact discovery is set to close in the *Gronovius* Action by July 1, 2026. Discovery in that action is in its early stages, however, and Marsh has recently sought to amend its complaint a second time (and add another party, Howden's parent company).[3] Regardless of whether leave is granted to add the parent company to the complaint, it has become clear that discovery across the *Parrish* and *Gronovius* Actions will involve Marsh's efforts to seek documents and depositions from witnesses

---

[2] Finally, there is no risk of confusion, where the parties presently seek consolidation solely for purposes of discovery. This request is without prejudice to a future application by any party to the Actions to consolidate these actions for purposes of trial or any other purposes and, conversely, without prejudice to the future opposition of any party to such consolidation.

[3] A post-discovery pre-trial conference is scheduled in the *Gronovius* Action for September 29, 2026, at 11:00 a.m. Should this relief be granted, the parties will submit mutually agreeable alternative dates for the post-discovery pre-trial conferences, pursuant to Rule 1.F of Judge Rochon's Individual Rules of Practice in Civil Cases.

The Honorable George B. Daniels
The Honorable Jennifer L. Rochon
April 17, 2026
Page 4

in the United Kingdom, which increases the complexity of the discovery process.  As such, the attached proposed schedule provides time needed to complete discovery in both actions.  The parties agree to work together cooperatively to complete discovery as quickly as possible and to make rolling productions.

If the Courts grant this request, the parties intend to meet and confer to discuss the elements of consolidated discovery, including the number and duration of depositions, numbers of interrogatories, and other aspects of discovery.  The parties are not proposing at this time to alter the default rule of 10 depositions per side, per case.  However, each party reserves the right to seek such relief if the party believes additional depositions, or additional time with particular deponents, is required and the parties are unable to reach agreement on their own.  The parties will also submit a single protective order and ESI protocol to govern the consolidated actions.  If the parties cannot reach agreement on remaining issues, they will promptly submit their respective proposals to the Court for consideration.

### *The Separate* Southern *Action*

In addition to the *Parrish* and *Gronovius* Actions, a third action is pending before Judge Rochon involving one of the *Gronovius* Plaintiffs (Marsh & McLennan Agency ("MMA")) and a former MMA employee who is now employed by Howden (Charles Baxter Southern III).  *Marsh & McLennan Agency v. Charles Baxter Southern III,* 25-cv-9080 (JLR) (S.D.N.Y.) (the "*Southern Action*").  Marsh (including MMA) believes that the *Southern* Action also should be consolidated with the *Parrish* and *Gronovius* Actions for discovery purposes.[4]

The *Parrish* and *Gronovius* Defendants disagree with this position, and believe that counsel for the parties in the *Southern* Action (Jackson Lewis P.C. and Dorsey & Whitney LLP) should separately raise any discovery issues in that case.  In light of the imminence of the May 1, 2026 discovery cutoff in the *Parrish* Action, the *Parrish* and *Gronovius* Defendants request that the Courts rule on the proposed consolidation of the *Parrish* and *Gronovius* Actions and the adjustment of the discovery schedules in those cases before taking up any question as to whether to similarly consolidate the *Southern* Action for discovery purposes.

This represents the parties' first request for the relief requested herein.

---

[4] For the avoidance of doubt, Marsh notes that Jackson Lewis P.C., which represents MMA in the *Southern* Action, is in agreement with the consolidation of that action with these actions for discovery purposes.

The Honorable George B. Daniels
The Honorable Jennifer L. Rochon
April 17, 2026
Page 5

Respectfully submitted,

**CARLTON FIELDS, P.A.**

By:   */s/ Kevin P. McCoy*
Kevin P. McCoy (admitted *pro hac vice*)
David R. Wright (admitted *pro hac vice*)
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL 33603
(813) 223-7000
kmccoy@carltonfields.com
dwright@carltonfields.com

Michael L. Yaeger
730 3rd Ave., 19th Fl.
New York, NY 10017
(212) 785-2577
myaeger@carltonfields.com

Steven J. Brodie (admitted *pro hac vice*)
700 NW 1st Avenue, St. 1200
Miami, FL 33136
(305) 539-7302
sbrodie@carltonfields.com

*Attorneys for Michael Parrish, Giselle
Lugones, Robert Lynn, and Alfred
Gronovius*

**DORSEY & WHITNEY LLP**

By:   */s/ Kathryn A. Johnson*
Jeremy E. Deutsch
Krista E. Bolles
51 West 52nd Street
New York, NY 10019
(212) 415-9238
deutsch.jeremy@dorsey.com
bolles.krista@dorsey.com

Ryan E. Mick (admitted *pro hac vice*)
Kathryn A. Johnson (admitted *pro hac
vice*)
50 South 6th Street, Suite #1500
Minneapolis, MN 55402
(612) 492-6613
mick.ryan@dorsey.com
johnson.kate@dorsey.com

*Attorneys for Julie Layton, Andrea
Amodeo, Carlos Serio, Giovanni Perez,
Janette Wilcox, Nathan Collins, and
Richard Lennerth*

The Honorable George B. Daniels
The Honorable Jennifer L. Rochon
April 17, 2026
Page 6

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:    */s/ Richard J. Rabin*
Richard J. Rabin
Michael Kahn
Katherine Porter
One Bryant Park
New York, New York 10036
(212) 872-1000
rrabin@akingump.com
mkahn@akingump.com
kporter@akingump.com

Robert G. Lian, Jr. (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4358
blian@akingump.com

Laura P. Warrick (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, TX 75201
(214) 969-2800
lwarrick@akingump.com

*Attorneys for Howden US Services, LLC and Howden US Specialty, LLC*

**GIBSON, DUNN & CRUTCHER LLP**

By:    */s/ Harris M. Mufson*
Harris M. Mufson
Lee R. Crain
Kelly Herbert
Amanda L. LeSavage
200 Park Avenue
New York, NY 10166
(212) 351-3805
hmufson@gibsondunn.com

Jason C. Schwartz (admitted *pro hac vice*)
Ryan C. Stewart (admitted *pro hac vice*)
Amanda C. Machin (admitted *pro hac vice*)
Catherine McCaffrey
Nicole Santora
1700 M Street, NW
Washington, DC 20036
(202) 955-8500
jschwartz@gibsondunn.com

Karl G. Nelson (admitted pro *hac vice*)
Rachel W. Robertson (admitted *pro hac vice*)
Brian Richman
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
knelson@gibsondunn.com
(214) 698-3100

*Attorneys for Marsh USA LLC, Marsh & McLennan Companies Inc., Mercer (US) LLC, and Marsh & McLennan Agency LLC*

The Honorable George B. Daniels
The Honorable Jennifer L. Rochon
April 17, 2026
Page 7


CC:     All Counsel of Record