**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARSH & MCLENNAN COMPANIES, INC., MARSH USA LLC, MERCER (US) LLC, and MARSH & MCLENNAN AGENCY LLC,

*Plaintiffs*,

v.

HOWDEN US SERVICES, LLC, HOWDEN US SPECIALTY, LLC, ALFRED GRONOVIUS, ANDREA AMODEO, CARLOS SERIO, GIOVANNI PEREZ, JANETTE WILCOX, NATHAN COLLINS, and RICHARD LENNERTH,

*Defendants*.

Case No. 1:25-cv-9130-JLR

**PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1
ARGUMENT ........ 3
1. No Futility. ........ 4
2. No Delay. ........ 5
3. No Prejudice ........ 7
CONCLUSION ........ 11

## TABLE OF AUTHORITIES

Page(s)

### Cases

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
87 F. Supp. 2d 281 (S.D.N.Y. 2000)....11

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)....10

*AP-Fonden v. Goldman Sachs Grp., Inc.*,
2023 WL 4865617 (S.D.N.Y. July 31, 2023)....5

*Barr Rubber Prods. Co. v. Sun Rubber Co.*,
425 F.2d 1114 (2d Cir. 1970)....10

*Brawer v. Egan-Jones Ratings Co.*,
347 F.R.D. 650 (S.D.N.Y. 2024)....4

*Brown v. R.D.F. Transp. Corp.*,
1998 WL 713807 (E.D.N.Y. Oct. 7, 1998)....8, 9

*Cintron v. Orange Cnty. Comm. College*,
2011 WL 5142572 (S.D.N.Y. Oct. 17, 2011)....10

*Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*,
191 F.3d 297 (2d Cir. 1999)....9

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
282 F.3d 83 (2d Cir. 2002)....4

*Duling v. Gristede's Operating Corp.*,
265 F.R.D. 91 (S.D.N.Y. 2010)....10

*Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*,
808 F. Supp. 3d 642 (S.D.N.Y. 2025)....9

*Havens v. James*,
76 F.4th 103 (2d Cir. 2023)....9

*Ithaca Cap. Invs. I S.A. v. Trump Panama Hotel Mgmt. LLC*,
450 F. Supp. 3d 358 (S.D.N.Y. 2020)....4, 8

*Kader v. Sarepta Therapeutics, Inc.*,
887 F.3d 48 (1st Cir. 2018)....9

*Kiarie v. Dumbstruck, Inc.*,
473 F. Supp. 3d 350 (S.D.N.Y. 2020)....10

*Liegey v. Ellen Figg, Inc.*,
2003 WL 21361724 (S.D.N.Y. June 11, 2003)....4, 5

*McCoy v. Iberdrola Res., Inc.*,
760 F.3d 674 (7th Cir. 2014)....9

**TABLE OF AUTHORITIES**
(*continued*)

Page(s)

*In re Pfizer Inc. Securities Litig.*,
2012 WL 983548 (S.D.N.Y. Mar. 22, 2012) ....................5, 7

*Reyes v. Yager Esthetics Estetica*,
2025 WL 1156761 (S.D.N.Y. Apr. 21, 2025)....................5

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block*,
608 F.2d 28 (2d Cir. 1979)....................11

*SBO Pictures, Inc. v. Does 1-20*,
2012 WL 2304253 (S.D.N.Y. June 18, 2012) ....................5

*In re Sledziejowski*,
533 B.R. 408 (Bankr. S.D.N.Y. 2015)....................9

*State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*,
120 F.4th 59 (2d Cir. 2024) ....................8

*State Tchrs. Ret. Bd. v. Fluor Corp*.,
654 F.2d 843 (2d Cir. 1981)....................3

*U.S. v. U.S. Currency in Amount of One Hundred Forty-Six Thousand, Eight Hundred Dollars*,
1997 WL 269583 (E.D.N.Y. Apr. 28, 1997) ....................8

*United States v. Continental Ill. Nat'l Bank & Trust Co*.,
889 F.2d 1248 (2d Cir. 1989)....................11

*Wood v. Mike Bloomberg 2020, Inc.*,
343 F.R.D. 470 (S.D.N.Y. 2023) ....................3

*Zayas v. U.S. Bank, N.A.*,
2026 WL 297184 (S.D.N.Y. Feb. 4, 2026)....................3, 5, 7

**Statutes**

18 U.S.C. § 1832....................9

**Rules**

Fed. R. Civ. P. 15 ....................1, 3, 9, 10

Fed. R. Civ. P. 15(a) ....................3

Fed. R. Civ. P. 15(a)(2)....................3

Fed. R. Civ. P. 20....................4

Fed. R. Civ. P. 21 ....................4

## TABLE OF AUTHORITIES
(*continued*)

Page(s)

Fed. R. Civ. P. 65 .......... 1, 9

Fed. R. Civ. P. 65(d)(2) .......... 9

Fed. R. Civ. P. 65(d)(2)(C) .......... 3

S.D.N.Y. Local Civ. R. 1.6 .......... 2

**Treatises**

6C. Wright, A. Miller & M. Kane, *Fed. Prac. & Proc. Civ.* § 1487 (3d ed. 2024) .......... 4

## PRELIMINARY STATEMENT[1]

Discovery has established that Howden UK was a central participant in the unlawful raid that is already before the Court. Marsh McLennan timely moved to amend within the deadline Howden US stipulated to and the Court ordered. Unable to refute the substance of the proposed amendment or Marsh McLennan's compliance with the Court's scheduling order, Howden US attempts to transform this routine motion for leave to amend into a sprawling dispute about Rule 65, international discovery, and supposed tactical gamesmanship. None of those distractions change the governing standard. Rule 15 provides that the Court should "freely give leave" to amend absent a showing by Howden US of futility, undue delay, or undue prejudice. Howden US fails to meet that burden. The Court should allow Marsh McLennan to litigate its claims against Howden UK alongside its co-conspirators in this case as Rule 15 provides, rather than forcing Marsh McLennan to commence a new, related action.

Discovery has confirmed Marsh McLennan's well-founded suspicion that Howden UK directed, coordinated, and benefited from the unlawful raid of Marsh McLennan's employees, clients, Confidential Information, and trade secrets. The new allegations in the proposed Second Amended Complaint ("SAC") are based on documents and information produced in discovery, including evidence that Howden UK executives equipped, deputized, and empowered Marsh McLennan employees with the tools and materials needed to lift out Marsh McLennan clients. The discovery record further demonstrates those same Howden UK executives regularly traveled to the United States—including New York—to coordinate with those deputies in soliciting Marsh McLennan employees and clients. On that record, Howden US cannot plausibly claim amendment

[1] "Howden US" refers to Howden US Services, LLC and Howden US Specialty, LLC; "Howden UK" refers to Howden Group Holdings Limited; and "Howden" refers to all three entities.

would be futile—and notably it does not try.

The record also defeats Howden US's delay arguments. This action remains in the early stages. Written discovery is ongoing, depositions haven't commenced, and the Court has not set a trial date. Howden US also stipulated to Marsh McLennan's deadline to move for leave to amend—a deadline this Court so-ordered based on the parties' agreement—and Marsh McLennan met that deadline. Machin Decl. ¶ 7. That stipulation was filed on January 9, 2026—the same day Marsh McLennan's preliminary injunction motion was fully briefed. ECF 149. Having agreed that a proposed amendment filed by March 30, 2026 was timely, Howden US cannot complain of delay now. In any event, any delay here was self-inflicted. Howden US has repeatedly resisted discovery into Howden UK, arbitrarily narrowed requests concerning Howden UK, and asserted that it lacks custody or control over Howden UK documents and witnesses. Machin Decl. ¶¶ 9, 11, 13, 21. Howden US now claims it offered a compromise for UK discovery a little over a week before Marsh McLennan moved for leave to amend. Porter Decl. ¶ 2. But that vague proposal is a much-delayed fig leaf lacking any genuine effort to resolve the issues.

Howden US's prejudice arguments fare no better. They rest primarily on burdens supposedly facing Howden UK—not Howden US. But Howden UK is not a party to this motion. And prejudice to a proposed new defendant is not relevant on a motion for leave to amend. The right question is whether an amendment prejudices the *current* parties. Here it doesn't. The amendment does not add a new conspiracy, new theory, or new causes of action against Howden US. It doesn't expand the scope of discovery as to Howden US. Instead, the amendment simply permits Marsh McLennan to litigate the full scope of Howden's misconduct in one action, rather than being forced to commence a new, separate case against Howden UK in this District that likely would be a related action anyway. *See* S.D.N.Y. Civ. R. 1.6.

Howden US's remaining arguments are less than molehills. It attempts to take advantage of a typographical citation error in the SAC—an obvious typo Howden US tactically declined to ask Marsh McLennan about and which, upon learning of it, Marsh McLennan immediately corrected. ECF 236-3. Its reliance on the preliminary injunction proceedings likewise has nothing to do with the amendment standard. The question of whether Howden UK is *already* bound by the terms of this Court's order (and it is, *see* Fed. R. Civ. P. 65(d)(2)(C)), is neither ripe for adjudication in this motion nor an obstacle to amendment.

Contrary to Howden US's contentions, denying leave would not simplify this case. It would complicate things. It would require Marsh McLennan to file another related action based on the same facts, evidence, witnesses, and misconduct. It would thrust onto this Court potentially complex non-party discovery issues—issues that won't matter if Howden UK becomes a party. And it would reward Howden US's ongoing delay and procedural gamesmanship. Rule 15 favors resolving these related claims in one action. The Court should grant leave.

## **ARGUMENT**

Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The burden is on Howden US to prove "good reason" exists to depart from the liberal governing standard, such as "undue delay," "undue prejudice to the opposing party," or "futility." *Zayas v. U.S. Bank, N.A.*, 2026 WL 297184, at *1 (S.D.N.Y. Feb. 4, 2026) (Rochon, J.) (cleaned up); *see also Wood v. Mike Bloomberg 2020, Inc.*, 343 F.R.D. 470, 473 (S.D.N.Y. 2023). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Zayas*, 2026 WL 297184, at *1 (quoting *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

Howden US does not meet its high burden. The proposed amendments are based on newly produced evidence confirming Howden UK's central role in the raid. They are not futile, were not unduly delayed, and create no undue prejudice to Howden US.

***1. No Futility.*** Howden US devotes just three sentences to arguing the SAC is futile. ECF 227 at 18. It makes no legal arguments, fails to explain why the allegations—when taken as true—set forth no plausible claims, and identifies no legal obstacles to the proposed new claims. A party opposing amendment on futility grounds must show "the proposed claims would not withstand a Rule 12(b)(6) motion to dismiss." *Ithaca Cap. Invs. I S.A. v. Trump Panama Hotel Mgmt. LLC*, 450 F. Supp. 3d 358, 377 (S.D.N.Y. 2020) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Howden US never engages with that standard, much less satisfies it. For good reason: the SAC is a robust, well-founded pleading directly supported by documents and information gleaned during discovery that confirm Howden UK's direct participation in the raid. *See, e.g.*, ECF 199-1 at ¶ 56 (Howden UK engaged New York counsel to negotiate employment agreements with Marsh McLennan employees); ¶ 101 (Howden UK executive offered *Parrish* Defendant indemnification for any litigation costs arising from "the Company's operations in the United States"); ¶ 103 (Howden UK convened a "US Infrastructure Workshop" ahead of the raid which *Parrish* Defendant attended). Futility thus is not an available ground to deny leave here. *See Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650, 654 (S.D.N.Y. 2024) ("[Where] a proposed amendment is not clearly futile, then denial of leave to amend is improper.") (citing 6C. Wright, A. Miller & M. Kane, *Fed. Prac. & Proc. Civ.* § 1487 (3d ed. 2024)).[2]

[2] Nor is there any merit to Howden US's footnote invoking Rule 20, which is satisfied here. ECF 227 at 6 n.2. The claims against Howden UK arise from the same questions of law and fact already before the Court. *See Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, at *2–3 (S.D.N.Y. June 11, 2003). Rule 20 and Rule 21—which permit courts to add parties "at any time, on just terms"—

*(Cont'd on next page)*

***2. No Delay.*** For four reasons, Howden US cannot show Marsh McLennan unduly delayed moving for leave to amend.

*First*, Marsh McLennan filed its motion within the deadline Howden US stipulated to and the Court ordered. ECF 149 ¶ 6; Machin Decl. ¶ 7. Courts routinely find no undue delay where, as here, a motion is filed within an agreed-to, court-ordered amendment deadline. *See, e.g.*, *Reyes v. Yager Esthetics Estetica*, 2025 WL 1156761, at *2 (S.D.N.Y. Apr. 21, 2025); *In re Pfizer Inc. Securities Litig.*, 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012).

*Second*, Howden US claims Marsh McLennan unduly delayed in suing Howden UK because Marsh McLennan previously suspected the UK entity's involvement, pleading relevant facts before only "on information and belief." ECF 227 at 4–5, 8. But a plaintiff is not required to sue anyone and everyone who might be involved before confirming a party's role. Rather, plaintiffs are "permitted to wait until discovery confirms or supports the merits of the amendment before seeking leave to amend." *AP-Fonden v. Goldman Sachs Grp., Inc.*, 2023 WL 4865617, at *4 (S.D.N.Y. July 31, 2023). That is exactly what occurred here. Discovery confirmed that Howden UK's role was direct and substantial—not peripheral. Machin Decl. ¶¶ 4, 6, 8, 10, 16. Marsh McLennan's discretion and care in not unduly rushing an amendment and waiting to plead until it could be sure the claims are plausible should be rewarded, not punished.

*Third*, to the extent there was any delay in confirming the full scope of Howden UK's role, Howden US bears responsibility. At every turn, Howden US opposed discovery into Howden

---

both favor litigating such related claims in a single proceeding. *Zayas*, 2026 WL 297184, at *2; *see also Liegey*, 2003 WL 21361724, at *3 (courts may "liberally" add parties to "promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding"). *SBO Pictures, Inc. v. Does 1-20*, which Howden cites, is inapposite: there, the court *sua sponte* severed the claims of twenty anonymous BitTorrent users, which were "in essence twenty different cases" with "no evidence" of conspiracy or coordination. 2012 WL 2304253, at *1–2 (S.D.N.Y. June 18, 2012).

UK—seeking to protect its parent corporation from accountability for its active participation in this unlawful raid. Howden US unilaterally narrowed Marsh McLennan's discovery requests to pertain *only* to Howden US, not to Howden UK; claimed to lack control over any Howden UK documents and witnesses; and resisted a path to discovery for Howden UK custodians until shortly before the amendment deadline, when it tried to recast the parties' discovery negotiations to present a false veneer of cooperation. Machin Decl. ¶¶ 9, 11, 13, 15, 17; K. Porter Decl. ¶ 2. In any event, Howden UK did not share its purported compromise proposal until around a week before the amendment deadline—at a time when Howden US had produced in response to Marsh McLennan's discovery requests ***only one document***. Machin Decl. ¶¶ 14, 17. Howden US cannot complain that Marsh McLennan moved too late in light of the discovery obstruction Marsh McLennan has had to grapple with.

*Fourth*, Howden US argues that Marsh McLennan "tactically" delayed seeking leave to amend until after the Court granted Marsh McLennan's preliminary injunction motion. That is inaccurate and illogical—Marsh McLennan had no incentive to delay holding Howden UK accountable. In any event, the argument is belied by Howden US's own conduct. If there truly were something wrong about granting a preliminary injunction before the pleadings were settled, Howden US could have made that point in negotiating the case schedule. Instead, it stipulated to Marsh McLennan's amendment deadline. Machin Decl. ¶ 7. Its contrary argument now is gamesmanship. At every turn, Marsh McLennan has acted to defend itself and remedy the ongoing and irreparable harm Howden has been causing—the very same harms that led both this Court and Judge Daniels to issue preliminary injunctions. As the Court found, Marsh McLennan faced continuing losses of employees and clients, along with the ongoing risks to its Confidential Information. *Id*. at 6, 25–26. Marsh McLennan had no obligation to delay relief this Court found it

was entitled to while discovery continued into the full scope of Howden UK's involvement.

* * *

In sum, Marsh McLennan moved timely and appropriately, taking care to ensure it could state a plausible case against Howden UK before moving for leave to amend. Unlike in Howden US's cited authorities, amendment here is not sought after dismissal, after default, after the close of discovery, or years into litigation. ECF 227 at 7, 9–11 (collecting cases). Rather, this case remains early going. Marsh McLennan filed its initial complaint only five months before its motion for leave to amend was filed. Written discovery remains early stage. While Howden US has produced more than 16,000 documents and 200,000 pages of documents in response to the Court's order to return Marsh McLennan's Confidential Information, ***Howden US has produced only <u>two documents</u> in response to Marsh McLennan's discovery requests.*** Machin Decl. ¶¶ 14, 18, 20–21. The proposed amendment comes during the early stages of the case—nowhere near the end.

***3. No Prejudice.*** Even if there were delay, leave cannot be denied on that basis alone. *Zayas*, 2026 WL 297184, at *1. Howden US must also prove bad faith—which it does not argue—or undue prejudice. *Id.* The undue prejudice standard is demanding: amendment must "require the opponent to expend *significant* additional resources to conduct discovery and prepare for trial [or] [] *significantly* delay the resolution of the dispute." *In re Pfizer*, 2012 WL 983548 at *3 (emphasis added). For three reasons, Howden US fails to make that showing.

*First*, Howden US's prejudice arguments fail right out of the gate because it focuses on prejudice not to itself but rather to Howden UK. *See, e.g.*, ECF 227 at 1–3, 11–13, 15–18. Prejudice to a proposed new defendant "is not an issue for consideration [on a motion for leave to amend], and the present defendants do not have standing to assert arguments on their behalf." *Brown v. R.D.F. Transp. Corp.*, 1998 WL 713807, at *3 (E.D.N.Y. Oct. 7, 1998). Howden US's

arguments concerning the burdens on Howden UK of "international discovery," "issues concerning service under foreign conventions," and "disputes over personal jurisdiction and forum-related defenses" are not cognizable obstacles to amendment. ECF 227 at 13.

*Second*, Howden US argues that amendment is improper because the parties already litigated Marsh McLennan's motion for a preliminary injunction and its motion to dismiss is pending. ECF 227 at 10–12. But courts routinely permit amendment after entry of preliminary injunctive relief, particularly where, as here, the opposing party cannot identify any tactical disadvantage or material change to the claims already at issue. *See Ithaca Cap.*, 450 F. Supp. 3d at 375–76; *cf. State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 77–79 (2d Cir. 2024). Similarly, "the filing of a dispositive motion" alone "does not justify the denial of a motion to amend a complaint." *U.S. v. U.S. Currency in Amount of One Hundred Forty-Six Thousand, Eight Hundred Dollars*, 1997 WL 269583, at *7 (E.D.N.Y. Apr. 28, 1997). The pending motion to dismiss is particularly inapt given the Court has stated it is "not persuaded that the" federal claim in this case "is likely to be dismissed at the pleading stage." ECF 181 at 8 n.3.

Contrary to Howden US's contentions, the proposed amendment does not disturb the preliminary injunction this Court already entered. The Second Circuit in *State Farm* expressly recognized that amendment after entry of preliminary injunctive relief need not disrupt an injunction where, as here, the amended pleading preserves the same core allegations and basis for relief. 120 F.4th at 77–79. The separate question of whether Howden UK is subject to the Court's preliminary injunction is governed by Rule 65—not Rule 15—and is not presented by this motion.[3] Fed. R. Civ. P. 65(d)(2); *see also* ECF 180 at 3.

[3] Courts in this Circuit routinely hold non-parties bound by injunctions where they act in active concert with, are legally identified with, or aid and abet enjoined parties. *See, e.g., Fox Corp. v.*

*(Cont'd on next page)*

Nor do the cases Howden US cites concerning purported "sandbagging" or procedural gamesmanship support denial of leave. Those cases involved parties attempting to revive a dismissed complaint, *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61–62 (1st Cir. 2018), or assert amended counterclaims based on new theories that were available long before their original counterclaims were dismissed, *McCoy v. Iberdrola Res., Inc.*, 760 F.3d 674, 687 (7th Cir. 2014). This case is nothing like that. Marsh McLennan timely moved after discovery confirmed the full scope of Howden UK's role.

*Third*, the claims against Howden US remain the same and denying leave would create *more* burdens in this case, not less. The SAC does not introduce a new conspiracy, raid, theory, or causes of action. It concerns the same coordinated misconduct already before the Court. Adding Howden UK simply permits Marsh McLennan to litigate the full scope of that misconduct in one action. *Cf. Brown*, 1998 WL 713807, at *3 ("extended additional discovery" is not required where a new party is "closely affiliated with the present parties").

Howden US claims prejudice based on a typo in the proposed SAC, suggesting Marsh McLennan purportedly now wants to sue Howden US *criminally*, not civilly, under 18 U.S.C. § 1832. That's inaccurate. Had Howden US just asked Marsh McLennan if it really intended to assume the prosecutorial mantle, Marsh McLennan would have clarified it did not. Upon learning of this typo, Marsh McLennan immediately wrote to Howden US correcting it and even offering to stipulate to allow Howden US to amend its opposition so as to not waste the Court's time with this issue. ECF 236-3. Howden US declined. *Id.* Regardless, Marsh McLennan is advancing

---

*Media Deportes Mexico, S. de R.L. de C.V.*, 808 F. Supp. 3d 642, 657–58, 668 (S.D.N.Y. 2025); *In re Sledziejowski*, 533 B.R. 408, 423–24 (Bankr. S.D.N.Y. 2015). Howden US's cited cases are inapposite because they involved actors pursuing their own discrete interests—not entities allegedly directing the enjoined conduct "from behind the scenes." *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 305 (2d Cir. 1999); *Havens v. James*, 76 F.4th 103, 121 (2d Cir. 2023).

against Howden US the same civil Defend Trade Secrets Act claims alleged in the First Amended Complaint, and litigating those same claims poses no undue prejudice. *See Cintron v. Orange Cnty. Comm. College*, 2011 WL 5142572, at *1 (S.D.N.Y. Oct. 17, 2011) (granting leave to amend incorrect statutory citation).

Howden US also can't establish prejudice because discovery is in early stages—due in no small part to Howden US's own resistance and delay. *See* Machin Decl. ¶¶ 9, 11, 13–15, 18, 21. By contrast, the cases Howden US cites involve amendments sought after discovery closed, *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 359 (S.D.N.Y. 2020), after years of litigation and extensive deposition practice, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970), and several months after cross-summary judgment motions had been filed, *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010). If leave is denied, Marsh McLennan's claims against Howden UK will not "evaporate." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 101 (S.D.N.Y. 2010). Marsh McLennan will be forced to file a separate action based on the same allegations, evidence, witnesses, and misconduct. That would create duplicative litigation, overlapping discovery, and the risk of inconsistent rulings. The inefficiencies that would result from litigating this dispute in two independent actions would be "far greater than any inefficiency that would result from permitting the amendment." *Id.* Rule 15 favors resolving those related claims in one proceeding.

Although adding Howden UK to this action may result in *some* additional discovery and/or motion practice, that is true of virtually every amendment. "Allegations that an amendment will require expenditure of additional time, effort, or money do not constitute 'undue prejudice,'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000), or "outweigh[] the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits,"

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 43 (2d Cir. 1979); *see also United States v. Continental Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.").

**CONCLUSION**

For the foregoing reasons, the Court should grant Marsh McLennan leave to file the SAC.

Dated: May 19, 2026

Respectfully submitted,
*/s/ Harris Mufson*

Harris M. Mufson
Lee R. Crain
Amanda L. LeSavage
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-3805
hmufson@gibsondunn.com

Karl G. Nelson*
Rachel W. Robertson*
Brian Richman
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201

Jason C. Schwartz*
Ryan C. Stewart*
Amanda C. Machin*
Catherine McCaffrey
Nicole Santora
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036

*Attorneys for Plaintiffs Marsh McLennan Companies, Inc., Marsh USA LLC, Mercer (US) LLC, and Marsh & McLennan Agency LLC*

* *pro hac vice*

**WORD COUNT CERTIFICATION**

I, Harris M. Mufson, an attorney duly admitted to practice law before this Court, hereby certify pursuant to this Court's Local Civil Rule 7.1 and Individual Rule 3.C. that this memorandum complies with the word limit set forth in this Court's Local Civil Rule 7.1 and Individual Rule 3.C. because it contains 3,472 words, excluding the parts of the memorandum exempted from the word limit by Local Civil Rule 7.1. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated: New York, New York
May 19, 2026

*/s/ Harris Mufson*
Harris M. Mufson