Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T   +1 212.872.1000
F   +1 212.872.1002
akingump.com



Richard J. Rabin
+1 212.872.1086/fax: +1 212.872.1002
rrabin@akingump.com

June 22, 2026

VIA ELECTRONIC COURT FILING

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, New York 10007

> Re:    *Marsh USA LLC et al. v. Gronovius et al.*, No. 25-cv-9130 (S.D.N.Y.) – Request
>        for Discovery Dispute Conference to Compel Rule 26(a)(1) Damages Disclosure

Dear Magistrate Judge Stein:

Pursuant to Local Civil Rule 37.2 and Section II.C of the Court's Individual Practices, we write on behalf of the defendants, Howden US Services, LLC and Howden Specialty, LLC (collectively, "Howden"), to request the Court's assistance to require the plaintiffs, Marsh & McLennan Companies, Inc., Marsh USA LLC, Mercer (US) LLC, and Marsh & McLennan Agency LLC (collectively, "Marsh"), to comply with their obligations to disclose their damages, the computations, and supporting evidence. Through various correspondence and meetings and conferrals, Howden has tried to secure Marsh's compliance, to no avail.

### ***Background and Nature of the Dispute***:

Rule 26(a)(1)(A)(iii) requires a party to provide with its Initial Disclosures "a computation of each category of damages" and the associated documents "on which each computation is based." Marsh's disclosures were due January 13, 2026 (Dkt. 149), but Marsh has still failed to provide the required damages computations or document disclosures. Ex. 1 at 13-14.

Following correspondence from Howden, *see* Ex. 2, and significant delay, Marsh served First Supplemental Initial Disclosures on April 6, 2026, which reorganized the categories of damages sought, but did not provide the required damages disclosures, computations, or documents. *See* Ex. 3 at 20-24. Marsh again promised to "promptly supplement its disclosures." Ex. 4 at 5.

Marsh served Second Supplemental Initial Disclosures on May 20, 2026, which still fall well short of the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii). Ex. 5 at 29-38. Howden provided line-by-line details of those deficiencies. Ex. 6; Ex. 7. Marsh responded on June 9 and stated its refusal to further supplement its "preliminary" calculations and disclosures. Ex. 8 at 1, 4.

Akin

June 22, 2026
Page 2

Five months after its disclosure deadline, with just three and one-half months left in the discovery period, Marsh has still failed to provide the basic information required by Rule 26. On June 11, 2026, Marsh's counsel advised us in a meet and confer video conference that it believes Marsh has no obligation to provide its disclosures at this time – that its damages disclosures will come with its expert reports (due weeks after the fact discovery deadline) – and that the parties are at an impasse.

### *Marsh Continues to Withhold its Damages Calculations and Supporting Documents*

Marsh is required to provide a computation of damages and supporting evidence at the outset of a case to avoid prejudicing Howden's ability to prepare its defense. *See Xinuos, Inc. v. IBM Corp.*, No. 22-CV-09777-CS-VR, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025) (compelling damages computations despite early stage of case); *see also Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV. 902 JGK HBP, 2014 WL 902649, at *6 (S.D.N.Y. Mar. 7, 2014) (noting that a "major purpose" of Rule 26(a)(1) is to "*accelerate* the exchange of basic information"). Despite the express language of Rule 26(a)(1), Marsh is actively withholding any quantified demand, the "computation" of those damages, or other explanatory analysis for the majority of its theories. Marsh asserts that it needs information from Howden to perform this assessment, but this assertion is false: all the required information is in Marsh's possession. *See Xinuos*, 2025 WL 663064, at *2 ("Rule 26 mandates that a party provide a reasonable computation of damages and supporting evidence, which are often rooted in factual information already within the party's control."). Marsh's persistent delay is without basis and highly prejudicial to Howden.

***Marsh's Failure to Disclose its Alleged Lost Profits***: Marsh claims entitlement to lost *profits* but refuses to provide that calculation. Instead, Marsh disclosed alleged lost *revenue*. Howden is left simply to guess as to Marsh's lost profit theories and calculations. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293-95 (2d Cir. 2006) (affirming insufficient lost profit "computation" where plaintiff provided revenue and financial statements and expected defendant to perform the "simple arithmetic" to calculate profits). Marsh argues without basis that it needs access to *Howden's* financials before disclosing Marsh's profits. *See, e.g.*, *Capstone Logistics Holdings, Inc. v. Navarrete*, No. 17-CV-4819 GBD BCM, 2018 WL 6786237, at *5 (S.D.N.Y. Dec. 13, 2018) ("The point of a lost profits analysis, however, is to estimate the profit lost by the plaintiff – not the profit earned by the defendant."). This is simply a delay tactic.

***Marsh's Deficient "Alternative" Disclosures***: Marsh also fails to provide computations for lost enterprise value, lost revenue from future business opportunities, injury to reputation, brand, client goodwill, business development pipeline, loss of employees and retention costs, liquidated damages, or trade secret damages. Marsh alone possesses the facts and data necessary to calculate each of these alleged sources of damage. Moreover, even if Marsh could connect outstanding discovery from Howden to any of its theories (it cannot), Marsh "is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E); *see also Lawrence v. Goals Aesthetic & Plastic*



June 22, 2026
Page 3

*Surgery*, No. 1:18-CV-8649-GHW, 2024 WL 3742398, at *7-9 (S.D.N.Y. Aug. 9, 2024) (rejecting plaintiff's argument that delayed computation disclosure was justified because it did not have documents from defendants).

***Marsh Admittedly Withholds Supporting Documents***: Even for its limited "preliminary computations," Marsh does not address its failure to provide the necessary documents. Instead, Marsh argues that it "has produced hundreds of documents supporting its damages computations, and will continue to produce on a rolling basis any documents on which it intends to rely in support of its claim for damages." Ex. 8 at 2; Ex. 5 at 36 n.6 ("A production of documents sufficient to show lost revenues . . . is forthcoming."). Marsh must provide its damages calculations and the documents upon which those calculations are based now. Fed. R. Civ. P. 26(a)(1)(A)(iii); *see Xinuos*, 2025 WL 663064, at *3 ("Plaintiff relied on some piece of information to ascertain the number it disclosed to Defendants, so at the very least, it should provide the factual basis for that calculation."). Marsh's excuse that it "has begun producing" relevant and non-privileged financial statements is unavailing. Ex. 8 at 3.

***Marsh Cannot Delay Until Expert Discovery***: Marsh may not avoid its disclosure obligations "on the ground that expert analysis will refine the damages calculation." *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 1999355, at *2 (S.D.N.Y. July 17, 2025) (compelling calculation of damages and supporting documents even where damages will ultimately depend on expert discovery). The obligation to disclose damages computations when due (five months ago) under Rule 26(a)(1) is distinct from the obligation under Rule 26(a)(2) on expert discovery. *See Xinuos*, 2025 WL 663064, at *2 ("That expert reports may later refine the analysis does not excuse Plaintiff from disclosing its present knowledge.").

Marsh's attempts to justify its delay are not well-founded. For example, even in *Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP,* where damages were "not the product of a simple mathematical calculation," the plaintiff nevertheless provided total damages figures and complied with its Rule 26(a)(1) obligation to "disclose … the best information then available to it concerning that claim, however limited and potentially changing it may be." *See* No. 03 CIV. 5560 RMB HBP, 2006 WL 1520227, at *1 (S.D.N.Y. June 1, 2006) (quoting James W. Moore, *Moore's Federal Practice* § 26.22[4][c][ii] (3rd ed. 1997)). Marsh has not done that. Moreover, any alleged complexity of Marsh's interrelated and overlapping damages theories does not excuse Marsh's Rule 26 obligations. *See Lively*, 2025 WL 1999355, at *2 (rejecting argument that Rule 26(a)(1)(A)(iii) disclosures are limited to "straightforward calculations").

*     *     *

Howden respectfully requests a discovery conference before the Court to address Marsh's disclosure deficiencies before Howden is unduly and irreversibly prejudiced by Marsh's delay.

Respectfully submitted,

*/s/ Richard J. Rabin*
Richard J. Rabin