GIBSON DUNN

Lee R. Crain
Partner
T: +1 212.351.2454
lcrain@gibsondunn.com

November 25, 2026

VIA CM/ECF

Hon. Gary Stein
United States District Court, S.D.N.Y.
500 Pearl Street, Room 702
New York, NY 10007

Re: *Marsh & McLennan Companies Inc. v. Gronovius, No. 25-cv-9130 (S.D.N.Y.) – Plaintiffs' Letter in Opposition to Defendants' Request to Compel Rule 30(b)(6) Testimony (Dkt. 397)*

Dear Judge Stein:

Plaintiffs ("Marsh") write in response to the letter motion of Defendants Howden US Services LLC, Howden US Specialty LLC, and Howden Group Holdings Limited (collectively, "Howden") concerning the Rule 30(b)(6) notice Howden served on October 2, 2026 (the "Notice"). Howden's letter makes two requests. *First*, it demands that the Court "compel Marsh to participate" "in Rule 30(b)(6) discovery." ECF No. 397 at 3. But Marsh has diligently "participated" in the conferral process since October 8 and has offered to designate witnesses on 28 Topics, reasonably narrowed. Ex. 2. Howden, by contrast, violated Rule 30(b)(6) by refusing to confer for a month despite our asking on five separate occasions to confer about their patently burdensome and overly broad Notice. Ex. 3. *Second*, Howden demands that this Court compel Marsh to designate corporate witnesses to testify about all topics in the Notice, "as written." ECF No. 397 at 3. But "as written," the Notice demands testimony on ***440 topics*** (110 identical topics directed to four entities), comprising approximately ***600 discrete matters***, including subparts. The Topics are unreasonable, inappropriate, and suffer from more defects than a three-page letter can describe. This Court should deny Howden's requests.

***Legal Standard.*** A Rule 30(b)(6) notice must describe its topics with "reasonable particularity," meaning topics with "discernible boundaries," and must be proportional and not "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(1)–(b)(2)(C)(i), 30(b)(6); *Winfield v. City of New York*, 2018 WL 840085, at *4–5 (S.D.N.Y. Feb. 12, 2018). Courts routinely order excessive notices narrowed. *See, e.g.*, *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *6–7 (E.D.N.Y. Sept. 24, 2019).

***1. Howden Has Violated Rule 30(b)(6).*** Howden claims Marsh has refused "to participate" in the Rule 30(b)(6) process as a "delay tactic." ECF No. 397 at 3. The record proves otherwise. Rule 30(b)(6) requires the parties to "confer in good faith about the matters for examination" "[b]efore or promptly after" service. Howden served the Notice on October 2, but did not meet and confer before service, and did not ask to speak "promptly" thereafter. Instead, *Marsh* wrote Howden on October 8 asking to confer. Ex. 3 at 22–24. In its email, Marsh informed Howden that Marsh believed the Notice was facially overbroad, needed serious revisions, and should be reissued. *Id.* In response, Howden refused to speak. *Id.* at 18–21. Marsh wrote again on October 16, 17, and 19 asking for a call. *Id.* at 15–18. Each time, Howden held its schedule hostage unless Marsh provided topic-by-topic written objections to every one of the 110 Topics (440 total for all four entities) in the Notice, even though there is no requirement in Rule 30(b)(6) to do so. *Id.* Marsh nonetheless engaged: on October 26, it sent categorical objections to all 440 Topics and offered 13 Topics for which it would designate a witness in narrowed form to facilitate discussion.

Ex. 4. On November 3, Howden again refused to speak unless Marsh committed to 22 more Topics "as written." Ex. 5 at 4. Faced with Howden's obstruction, Marsh told Howden on November 9 that it was moving for a protective order. Ex. 3 at 11. Only at that point did Howden at last agree to get on the phone to discuss the Notice. *Id.* at 8–11. The parties spoke on November 12—41 days after service and after Howden had refused Marsh's five requests to meet and confer. Afterward, Marsh offered to designate witnesses on 28 Topics and asked to confer to narrow those to an appropriate scope for deposition. Ex. 2. Howden did not respond and filed its letter motion.

Marsh has been diligent and tried to facilitate a Rule 30(b)(6) meet and confer process, consistently committed to providing appropriately scoped corporate testimony to bear its burden of proof. The Court should deny Howden's request that Marsh be ordered to further confer on the Notice.

***2. The Notice Is Facially Overbroad and Howden Should Be Directed to Rewrite It.*** The Notice itself is substantively unreasonable. Instead of compelling compliance with it "as written," this Court should deny Howden's requests and grant Marsh a protective order.

As written, the Notice demands testimony "on behalf of all Marsh plaintiffs" on all 110 Topics, so each of the four separate entities must prepare on each—440 in all. Ex. 1 at 1, 4. Howden now says "the vast majority—if not all—topics and issues can be divided between two named plaintiffs." Ex. 3 at 4–5. But if that's what Howden intended, it should have met and conferred with Marsh on October 8 and promptly revised the Notice as Marsh requested nearly two months ago. When the parties finally spoke on November 12 (after Marsh wrote that it would move for a protective order in the face of Howden's repeated refusals to speak), Howden declined to rewrite the Notice—instead, it demanded that *Marsh* slice and dice which Topics should go with which entity. *Id*. at 7. But the burden is on *Howden* to "describe with reasonable particularity the matters for examination," not on Marsh to guess which of 440 Topic-and-entity combinations are real. *See Winfield*, 2018 WL 840085, at *4–5. A notice that requires four entities to prepare on over 440 Topics is overbroad and disproportionate on its face. *See BAT*, 2019 WL 13236131, at *6–7; *cf. Marsh & McLennan Cos. v. Howden Grp. Holdings Ltd.*, 2026 WL 2806931, at *2 (S.D.N.Y. Sept. 18, 2026) (rejecting "plainly overbroad" and "disproportionate" requests). The remedy is to grant Marsh a protective order.

Additionally, the Topics within the Notice suffer from multiple defects. Marsh has laid these out in detail, Ex. 2; Ex. 3 at 23; Ex. 4, but Howden ignores all of them in its letter. The flaws include:

- *Topics lack discernible boundaries.* Deposition topics must have discernible boundaries that are "specific as to subject area," so the noticed party can prepare the witness on what to address. *Winfield*, 2018 WL 840085, at *5. Numerous Topics do not, including Topic 36 which seeks "[a]ll facts known to Marsh" about every broker-of-record letter, and Topic 60, which seeks expenses "[o]n a client-by-client basis." Ex. 1 at 9–10, 14.

- *Improper contention topics.* Deposition topics must be limited to facts, because depositions "are designed to discover facts, not contentions or legal theories." *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). But Topic No. 51, for example, seeks testimony about "[a]ny evidence of use by Howden" of any Marsh trade secret.

- *Topics that seek privileged and work product protected information and legal conclusions.* Numerous topics on their face seek testimony on legal strategy, such as Marsh's different

damages in the *Southern* case versus these actions.[1] Topic 59 asks all four corporate designees to testify the extent to which clients are "personal clients" "under New York law." *Id.* at Ex. 1 at 14; *Fung-Schwartz v. Cerner Corp.*, 2020 WL 5253224, at *3 (S.D.N.Y. Sept. 2, 2020).

- *Topics that seek testimony on information that is irrelevant, disproportionate to the needs of the case, and cumulative.* Topic Nos. 88–89 seek discovery on recruiting of unrelated groups, despite Howden's concession that such group-hire "activities are irrelevant." Ex. 3 at 20. Howden also seeks extensive testimony on Marsh's 2021 recruitment of certain Individual Defendants and others from Aon—testimony that is irrelevant, disproportionate to the needs of the case, and highly cumulative of the testimony already provided on that Topic by 12 other percipient witnesses, including senior Marsh executives.

- *Duplicative of preliminary testimony or cumulative of other discovery.* Marsh has produced over 70,000 documents and answered 151 document requests and 25 interrogatories. A corporate designee also gave preliminary Rule 30(b)(6) deposition testimony about similar Topics. Ex. 6 at 10:14–12:8, 88:8–90:23. Topic Nos. 2–4, 12–15, 25–26, 36, 38, 40–43, and 68 seek information already provided through documents, written discovery, and the preliminary 30(b)(6) testimony, as Marsh has explained. Ex. 2; Ex. 4. Howden's Topics contradict the parties' agreement, which Howden itself described as permitting later testimony only where "not duplicative of information already provided." Ex. 3 at 21.

- *Document requests disguised as deposition topics.* Topic Nos. 14, 72, 76, and 77 demand testimony about "records" and "[d]ocuments and communications," demanding that four entity witnesses memorize masses of already-produced documentary evidence. Ex. 1 at 8, 15; *see Beverley v. N.Y.C. Health & Hosps. Corp.*, 2024 WL 2125402, at *8 (S.D.N.Y. May 13, 2024).

- *Interrogatories disguised as deposition topics.* Topic No. 2 seeks "[t]he identification of each client Marsh believes transferred business to Howden," and Topic 23 seeks "[t]he compensation paid to the Departed Employees in 2024, 2025, and projected to be paid in 2026," both of which are Interrogatories that Howden already served and Marsh provided information in response.[2] Ex. 2 at 5–6; Ex. 4 at 3. Therefore, the Topics seek cumulative discovery.

Marsh respectfully requests that the Court deny Howden's request and instead issue a protective order to Marsh providing that it need not complete with the Notice.

Respectfully submitted,

*/s/ Lee R. Crain*
Lee R. Crain
*Attorney for Plaintiffs*

---

[1] Howden argues Marsh should provide testimony on Topics similar to agreed topics in *Marsh & McLennan Agency LLC v. Southern*. Ex. 5 at 2, 4; ECF No. 397 at 2 n.1. But Marsh is not bound by the topics agreed upon in that separate case and Defendants opposed coordinating the actions for discovery. ECF No. 217 at 4.

[2] In its letter, Howden misrepresents Marsh's response to Interrogatory Nos. 1 and 8 without attaching or citing to them, to suggest that Marsh obstructed discovery in lieu of deposition testimony it is now objecting to as duplicative. In reality, Marsh's response, attached as Ex. 7, provided the information Howden sought and identified responsive documents that Marsh had produced.